Ruffin, Chief J ustice.
 

 There is no dispute in the pleadings, as to any fact material to the equity urged on the part of the plaintiffs, and on which the decree is based; and upon the facts admitted and found, the decree is, in our judgment, certainly right in substance.
 

 It is a rule which has ripened into a maxim of equity, that sureties are entitled to the benefit of every security which the creditor gets against the principal. So clear and strong is this title of sureties, that if the creditor gives up a security which if preserved, would have produced payment to the creditor, or indemnity to the surety, it has been held in many cases, that the creditor can no longer look to the surety, but the latter is discharged altogether, or
 
 pro tanto,
 
 according to the value of the surrendered security. Not to look further back, the recent cases of
 
 Cooper
 
 &
 
 Arrington
 
 v.
 
 Wilcox, Ante
 
 90, and
 
 Nelson
 
 v.
 
 Williams, Ante
 
 118, before ourselves, are instances of the application of this principle, and illustrate it. If this rule is not to be abrogated, the plaintiffs must be relieved, as asked by -them. This, it was admitted in the argument at the bar, is correct, if the creditor take a mortgage by way of further security. But the present was not deemed a security of that sort; but was likened to that security of a vendor for the purchase money, which has received the distinctive name of the vendor’s equitable lien; which is personal to the vendor, and of which the benefit cannot be imparted to any other person. The Court thinks otherwise entirely. The doctrine of the vendor’s equitable
 
 *393
 
 lieu arises only in a case in which the estate has been conveyed by the vendor. If he retain the legal title, or, after' conveying it, if he receive it back by way qf mortgage, he then has not a lien on the estate, but the estate itself; and the title thus withheld by the.vendor, is precisely analogous toa mortgage made to him. In each case, the legal title is in him; and m the view of a Court of Equity, he has it as a security for the sum due to him, which he is required, in good faith, to make to enure to the benefit of a surety for his debt,
 
 7 J 7
 
 as well as for his own benefit. The decree deemed by us right in its principle. is, therefore,
 

 trine of the e‘ lie,9> ,ai'ises only in a case m •whieh ihe estate has the vendor, estate, or, veying it, ¡f jtVaok'by "N of he then has on' the"es-estatJ'jtsein and the title held by the p^eoiseiySa-naingous to made'tiPse
 

 n°* «- sual now to decree the fosr™' is almost al-Eifiehure or other"of j¡,'es premises, foreclosure,
 
 *394
 
 when neither party oourMfor a sale<
 

 
 *393
 
 As the principal debtor had become insolvent, the sureties, in respect of their liability, had a right, before paying the debt, to file their bill to restrain the conveyance of the land, and to have it applied to their relief.
 
 Williams
 
 v.
 
 Helme,
 
 1 Dev. Eq.
 
 151
 
 — Bunting v. Ricks,
 
 Ante
 
 130. But, it is admitted in the answer, that subsequently to filing the bill, the plaintiffs paid the debt, so as to entitle them to an immediate decree in the nature of one foreclosing a mortgage: such as was pronounced on the circuit. As has been remarked more than once by the Court, it is not usual now to decree a foreclosure simply; for it is almost always inore beneficial to the one or other of the parties to sell the premises; and, therefore, the Court, upon the application of either, directs an account of the debt, interest and costs, and a sale for their satisfaction.
 
 Fleming
 
 v.
 
 Sitton,
 
 1 Dev. & Bat. Eq. 621. It is not erroneous, however, to decree a foreclosure, when party asks the Court for a sale; and it does not appear r ' . , . such an application was made in this case, ibhould either of the parties now desire it, the Court is quite willing that deeree should be so modified as to direct a re-sale of the premises by the Master, instead of a conveyance by him to the plaintiffs; and in that form it will be substantially an affirm-anee of the decree of his Honor.
 

 This decree was also objected to as giving costs against the defendants, and particularly against Farley, the trustee for the other defendants, In the first place, the Court is not posed to review a decree upon the question of costs But, besides, we think this decree proper in that respect.
 
 *394
 
 The question is not respecting costs in a suit between the
 
 cestui que trust
 
 and his own trustee, acting in good iaith; in
 
 1 r
 
 which case the trustee ought to be nothing out of pocket. But these costs are given to one claiming against both the trustee and the
 
 cestui que trust,
 
 who all deny the plaintiff’s right altogether. It is but the common case 'for costs to the prevailing; and the decree is in effect, that
 
 the cestui T-ie trust
 
 shall pay the costs, because the trustee will no doubt reimburse himself for those paid by him, by charging them in the accounts of the trust.
 

 This court posed ci-ee, upon the qnes-alone.
 

 Costs may be given a-trustee, as well as his
 
 trusts,sue
 
 ■when they claim adversely to the plaintiff, and deny his right altogether.
 

 The decree is, therefore, affirmed in all respects, unless one 0f fog parties shall choose to vary it in the manner indicated; and the defendants must pay the costs in this Court also.
 

 Per Curiam. Decree affirmed.