* NOTE. — The opinion in this case was delivered at December Term, 1842.
The bill, which was filed in February, 1839, stated that in the year 1836, upon the petition of the heirs of one Smitherman, a decree was made by the Court of Equity for the County of Randolph for the sale of a certain parcel of land situate in that county, for the purpose of partition; and that, at the sale made by the Clerk and master in conformity to the decree, the defendant Hicks became the purchaser on twelve months' credit at the price of $174.75, upon the payment of which the Clerk and Master was ( 18 ) to make him a conveyance — that for the purchase-money the defendant gave his bond to the Clerk and Master, and the plaintiff, Arnold, was his surety therein — that, at the expiration of the credit, and upon the failure of the defendant to pay the debt and the demand of the Clerk and Master, the plaintiff discharged the bond and took it up. The bill further charges, that when the plaintiff became surety, as before stated, the defendant Hicks, should not pay circumstances, and, that as an inducement to the plaintiff to become his surety, he agreed, that if he, Hicks, should not pay the bond at its maturity, then the plaintiff, upon making the payment, might take the land and receive a conveyance from the Clerk and Master. And the bill prays, that accordingly the Clerk and Master may be decreed to convey the legal title to the plaintiff, or, if not, that the land may again be sold, and out of the proceeds of sale the sum paid by the plaintiff be reimbursed to him, together with interest and the costs of this suit.
The Clerk and Master, as well as Hicks, (was made a party defendant, and in his answer admits the payment of the bond by the plaintiff and submits to any decree the Court may make. The answer of Hicks admits all the allegations of the bill except as to his insolvency and the special agreement charged *Page 9 
by the plaintiff, which he expressly denies. This answer further alleges that the land is of greater value than the purchase-money and interest; and insists, that the plaintiff is entitled to nothing more than to have the money paid to him. To this answer there was a replication. Depositions were taken and the cause set down for hearing upon the bill, answers, proofs and exhibits.
The proofs do not establish any distinct agreement, respecting the conveyance of the land by the Clerk and Master. It rather appears, that there was a conversation, that the purchase should be made for these two parties jointly. But it does not (19) appear clearly, that even that was concluded on; and if it had been, it is a different contract from that stated in the bill, and could not be enforced in this proceeding. But, although the Court can not decree a conveyance to the plaintiff, upon the footing of an agreement to that effect, yet he is entitled to have a resale of the premises, unless the defendant shall, within a reasonable period, pay the debt, interest and costs.Green v. Crockett, 22 N.C. 390. There must accordingly be an account ordered of what is due to the plaintiff in the premises, and a declaration that he is entitled to have the same raised out of the land by a sale.
PER CURIAM. REFERENCE ORDERED.