J. M. BRADBURN ET AL. v. G. ROBERTS.

(Filed 25 May, 1908.)

1. **Appeal and Error—Procedure—No Substantial Right Affected.**

When in the proceedings appealed from there was a slight technical deviation from the usual procedure in like cases, but there was no substantial irregularity therein or prejudice to appellant's rights, he cannot be heard to complain on that account.

2. **Deeds and Conveyances—Trusts and Trustees—Foreclosure Proceedings—Failure to Redeem—Equitable Remedies.**

Under a consent decree it was admitted that the vendee held the land in controversy in trust to pay an obligation to him of the vendor in a specified sum, and adjudged that the vendor have the amount of the rents and profits credited thereon, ascertained by a reference to be in a certain sum. The court thereupon adjudged that the land be sold by a commissioner, authorizing him to make title, and who, in pursuance thereof, made title to the said vendee : *Held*, (1) that the vendor was estopped from contending for a recovery as to new credits set up for waste, except such as were not conclusively settled by the judgment; (2) that by the consent decree the action virtually became one to foreclose a mortgage; (3) that there was no error in the order of the trial Judge that the land be sold and the equities administered upon the failure of the vendor to redeem within the time specified in the decree.

3. **Pleadings—Relief Demanded—Relief Granted.**

Parties to an action are not confined to the specific relief demanded in their prayers therefor, under our Code practice, and the court will give any judgment justified by the pleadings and proof.

ACTION heard at chambers by *Guion, J.,* by consent, at Marshall, August 23, 1907, as of July Term, 1907, of BUNCOMBE.

The plaintiffs allege in their complaint that they executed a deed, absolute in form, for the land in controversy to the defendant, Garrison Roberts, upon the agreement then made by him that he would pay a debt of $600 due by them to the British-American Mortgage Company and secured by a deed of trust upon said land, and would cancel a note due by the plaintiffs to him of $200; and, further, that the deed should

operate only as a mortgage to secure the repayment of the said amount of $800 to the defendant. The plaintiffs also alleged that the defendant had received a large amount in rents and profits, which should be credited on the debt due by them. The defendant denied the allegations of the complaint, but, pending the cause, a consent decree was made, by which it was admitted that the defendant held the legal title to the lands in trust to pay the amount due him, which was at the time $789, with interest thereon from 20 April, 1897, and it was agreed that the plaintiffs were entitled to have the amount of the rents and profits received by the defendant credited thereon. Mr. J. G. Merrimon was appointed referee to state the account between the parties. It was directed in the decree that, upon payment of the balance found by the referee to be due to Roberts, the latter should reconvey the land to the plaintiffs, Roberts to retain possession of the land until the further order of the court, he having recovered the possession theretofore by summary proceedings in ejectment. The referee reported the sum of $702.27, with interest from 15 October, 1906, to be due by the plaintiffs to Roberts, with certain fees and costs to be taxed, the parties having agreed that they should be declared a first lien on the land in the judgment of the court. The court thereupon confirmed the report of the referee and adjudged that, unless the plaintiffs paid the balance so due by them within sixty days, the land be sold by a commissioner, named in the decree, who should make title to the purchaser and report to the court. The plaintiffs failed to pay the debt and the commissioner sold the land, after due advertisement, and the defendant, who was permitted by the decree to buy the land, became the purchaser. The commissioner prepared and signed the deed to him, but retained it until he had reported the sale to the court, and did not deliver the deed until his report had been confirmed. The plaintiffs excepted to the report of the referee and also to the decree of sale, and to all of the pro-

ceedings of the court based thereon, upon the ground that the court had no jurisdiction to order the sale, and that they were entitled to certain additional credits for waste committed on the land by Roberts and rents and profits collected by him, and from an order of the court overruling their exceptions they appealed to this Court. Their appeal was dismissed here, under Rule 17.

It was agreed that the defendant's motion to confirm the sale should be heard by *Judge Guion* on 23 August, 1907, at chambers, as of July Term, 1907. The motion was heard and the Judge found as facts that Roberts had offered in open court to transfer his bid to the plaintiffs on payment to him of $675, the amount of his bid, and had also proposed that the sale should be set aside if the plaintiffs would secure a 10-per-cent. increase of the bid by him, which offer and proposal the plaintiffs rejected. The Judge thereupon further found that the land had brought a fair and full price at the sale. It was therefore adjudged that the sale be confirmed and title be made to the purchaser, and that the purchase money be applied by the commissioner to the payment of the debt and costs, as provided by a former order of the court. The plaintiffs excepted and appealed.

*F. W. Thomas* for plaintiffs.
*Gudger & Fortune* for defendant.

WALKER, J., after stating the case: There was no substantial irregularity in the proceedings. There may have been a slight technical deviation from the usual course in such cases, but in no respect were the plaintiffs prejudiced. We do not think the plaintiffs are entitled at this late day to reopen the account and introduce additional evidence as to the new credits they set up for waste and rents and profits. It was decided at the last term, in *Williams v. McFadden,* 145 N. C., 156, that, "in an action to enforce a vendor's lien, where a definite indebtedness is declared and judgment there-

for entered and foreclosure by sale decreed, such judgment is final between the parties as to the amount of the indebtedness so adjudicated; but as to all subsequent questions arising as incident to the sale, the occupation and possession of the property by the parties, the collection and distribution of the proceeds, and the like, the decree is interlocutory." That case was likened to an action by a mortgagee to foreclose a mortgage, and it is not distinguishable in principle from the case at bar. Litigation could not well be ended under any other rule. The plaintiffs, of course, are not estopped to recover from Roberts upon any liability accruing since the decree was made, nor as to any which is not conclusively settled by the same.

As to the question of jurisdiction to proceed in the cause and to make the decree of sale, we have no doubt that his Honor, *Judge Guion,* is sustained in his ruling by the decisions of this Court. The consent decree merely declared the relations of the parties, converting the absolute estate conveyed by the deed into one upon condition subsequent, or a mortgage, and it surely was not the intent of the parties to deprive either of them of the benefits incident to the relation thus established. It was the intent and interest of the plaintiffs, on the contrary, to have this relation, with all its advantages, established and declared by the court, as they were handicapped in the prosecution of the suit by the fact that the deed, as it was written, conveyed an absolute or unconditional estate. Why should the plaintiffs be now permitted to take advantage of their own wrong? They negligently failed to have the condition, or the trust, as we may term it, expressed in the written instrument, and the court, with the consent of the parties and by its decree, has reformed the deed, so that they now stand in the same relation to each other as they would have stood in law and in equity if the original deed had been correctly drawn according to the true intent of the parties. The consent decree, therefore, virtually turns this action

into one to foreclose a mortgage.   This brings us to the consideration of the specific objection raised by the plaintiffs' counsel.   They insist, impliedly at least, upon a strict foreclosure of the mortgage, and that, if they do not redeem within the time limited, then the title should pass to the mortgagee, who is the defendant, or that he should be compelled to hold the land until by the rents and profits received by him the debt is paid—a living pledge (*vidum vadium*), resembling the estate held by *statute merchant* or *statute staple*.   2 Blk., 157-160.   But it is the object of the law to settle finally and fully the rights of the parties and to put an end to litigation. Besides, where a trust relation exists, such as we have in this case, the rights of the parties are determined upon equitable principles.   It has therefore been held, at least in this State, that where the debt is not paid at the time fixed by the decree of the court it is not according to the course of the court to decree a strict foreclosure or to order that the plaintiff's bill (now action) to redeem shall stand dismissed, but, in default of payment, to order a sale of the land conveyed by the mortgage and apply the proceeds to the payment of the encumbrance and the costs.   The surplus, of course, goes to the mortgagor.   *Ingram v. Smith,* 41 N. C., 97.   It is said by *Nash, C. J.,* in *Averett v. Ward,* 45 N. C., at page 195, that, "in a case of mortgage for the purpose of discharging the debt, the most convenient course for both parties is primarily to have the land itself sold, giving to the debtor any surplus that may remain, and this rule is acted on in this State," citing *Ingram v. Smith, supra.*   To the same effect is *Green v. Crockett,* 22 N. C., 390, a case very much in point, as it decides that it is not erroneous to order a sale when neither party asks the court for one.   But under our Code system it is not required that a party should be confined to the specific relief which he demands.   *Knight v. Houghtalling,* 85 N. C., 17.   In *Vorhees v. Porter,* 134 N. C., at page 595, this Court said: "We hear the case upon the facts alleged in the plead-

ings, and if the plaintiffs have set forth in their complaint such facts as entitle them to relief they will not be restricted to the relief demanded in their prayer for judgment, but may have any additional and different relief which is not inconsistent with the facts so alleged in their complaint, it being the pleadings and the facts proved which determine the measure of relief to be administered." And at page 597 it is said: "We find it to be well settled by the decisions of this Court that, if the plaintiff in his complaint states facts sufficient to entitle him to any relief, this Court will grant it, though there may be no formal prayer corresponding with the allegations, and even though relief of another kind may be demanded. *Knight v. Houghtalling, supra; Gilliam v. Insurance Co.,* 121 N. C., 369. In the case last cited, *Clark, J.,* for the Court, says: 'Under The Code, the demand for relief is immaterial, and the Court will give any judgment justified by the pleadings and proof,' citing numerous cases. Clark's Code (3d Ed.), p. 584, and notes to section 425."

There was therefore no necessity for any "cross bill" or specific prayer by either of the parties for relief by sale of the property. We apply the law to the facts as stated in the pleadings and established at the hearing, and award such relief as the parties may respectively be entitled to have in the premises, without regard to any special prayer.

The right of the defendant to have a sale of the land upon failure of the plaintiffs to pay the debt at the time fixed by the order was combated by Mr. Thomas in an able and learned argument before us, but we think the ancient rule has given way to the more enlightened modern practice of the courts, by which the rights of the parties are determined upon just and equitable principles and for the purpose of settling all matters in controversy. The sale of the land would seem to be beneficial to the plaintiffs if they were unable to pay the debt. We find no error in the rulings of the court.

No Error.