## Case No. 13,813.

### TEASDALE v. BRANTON.

[Brunner, Col. Cas. 28; [1] 2 Hayw. (N. C.) 377.]

Circuit Court, D. North Carolina. Dec., 1805.

JUDGMENT—VERDICT—PRESUMPTION—PLEADING —
REPLICATION — ADMINISTRATOR—
PERSONAL LIABILITY.

1. If upon the plea of nul tiel record the record produced shows a verdict, but no judgment

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

entered thereon, the court will presume, according to the loose practice in this state, that there was a judgment entered pursuant to the verdict, and pronounce that there is such a record.

2. After a confession of assets a judgment to be levied de bonis testatoris, and a return of nulla bona, a scire facias to the executor or administrator to subject him de bonis propriis is the proper course, and will issue on suggestion of a devastavit.

3. If an administrator plead judgment and no assets ultra, replication thereto may be either nul tiel record, or assets ultra, or per fraudem, or any other fact properly triable by jury.

There was a verdict against the administrator upon the plea of fully administered—judgments, etc. Execution issued, and was returned nulla bona. This scire facias issued to show cause why the plaintiff should not have judgment to be levied de bonis propriis. The defendant pleaded nul tiel record, no devastavit returned or found—judgments. Replication to the plea of nul tiel record, and demurrer to the other pleas. The record produced showed the verdict; no judgment had been regularly entered. The scire facias after stating the verdict went on and stated that judgment was rendered accordingly.

[See Case No. 13,814.]

PER CURIAM. We must presume according to the loose practice of this state that there was a judgment entered pursuant to the verdict, and therefore we must say there is such a record. As to the demurrer, for that no devastavit is returned or found: to be sure by the English practice no scire facias lies against the executor to subject him de bonis propriis, till a devastavit is found upon a scire fieri inquiry, and returned. An action of debt, however, will lie upon suggestion of a devastavit, and the practice in this state has been to issue a scire facias upon such suggestion. And as every defense can be made to the scire facias which could be made to the action, there can be no good reason for adjudging the scire facias improper. If the scire facias here be considered in lieu of scire fieri inquiry in England, it possesses advantages far above the English mode; for here it is to be executed in court, and under the direction of the court; whereas the other is in the county before a jury. With respect to the demurrer to the plea of judgments and no assets ultra, that was pleaded in the original suit; but the defendant's counsel say a replication thereto, denying the judgments, in nul tiel record; and the record shows that the jury said there were no such judgments; therefore the plea has not been tried, and if so, no judgment can be presumed; for the court ought not to enter judgment when any one plea remains untried. The answer is, the replication may be either nul tiel record, or assets ultra, or per fraudem, or other matter of fact; and such replication was properly triable by jury; and an irregularity committed by the

clerk in entering the verdict will not raise a presumption that the judgment was not given upon the verdict. If there was such a judgment, that estops the defendant from using any plea which he did or might have pleaded prior to that judgment. The demurrer therefore must be allowed.