Rtjejfin, Chief-Justice.
 

 After stating the case as above, proceeded. — The proceedings throughout have been irregularly conducted, and the entries inaccurate, and the case is brought here in a form which is '
 
 far
 
 from presenting the points distinctly. No case is
 
 *582
 
 stated in the record, on which the opinion of the court was given. But to tiie transcript of the present suit is annexed a transcript of the former one, which we cannot suppose was meant to enable this court to pass on the issue on
 
 mil del record,
 
 but was intended to form the case on which the point actually decided, arises.— That point as we understand it, is whether in the for-'* mcr suit the plaintiff was entitled to judgment for costs,
 
 de bonis propriis
 
 of the executor. With reference to that we have looked into that record, and we arc of opinion that he was.
 

 . To that action the pleas were, conditions performed, fully administered, former judgments, and no assets
 
 ultra.
 
 No particular sum is mentioned in the last plea, as confessed in this action. The assets admitted must consequently be understood to be such only as were charged with the judgments previously rendered, and mentioned in the plea. If the plea had spcciiied the sum, and the plaintiff had taken issue on it, that the defendant had assets to a larger amount, and that had been found for the defendant, he would have been entitled to judgment for costs against the plaintiff; for at common law, there could not have been a judgment
 
 guando
 
 for the residue of the debt, since the plea went to bar the action for the whole residue, and had been found for the defendant.
 
 (Hogg
 
 v
 
 Graham,
 
 4
 
 Taunt.
 
 135.)
 
 Marshall
 
 v.
 
 Wilders, 17 Eng.C.L.Rep.467.
 
 This has been adopted as the rule here, it being held that the right to costs is not altered by our practice, introduced under statutes, of rendering judgments
 
 guando,
 
 where the issue upon a general or special
 
 plene adminis-travit
 
 is found for the defendant.
 
 (Battle
 
 v.
 
 Rorke, ante
 
 1
 
 vol. p.
 
 228.) In the case before us however, all the issues were found for the plaintiff, and upon both the general and special
 
 plene administravit
 
 the verdict is, that the defendant had assets to the value of g47 over and above the judgments with which he would have satisfied so much of the plaintiff's demand. The question is, whether in such a case the executor is liable for the costs at all events.
 

 
 *583
 
 The cases of
 
 Parker y. ste-ijiens, fl May.
 
 2i8,y
 
 Hoggv. NaJía-lo
 
 v.
 
 Branton, ^Weiiborn^v Gordon,' fl Battle' Borke, (ante
 
 approved.228’^
 

 This has been so often decided, that it can hardly he called a question at this day. Executors, when defendants, have generally no privilege as to costs, but may make themselves liable to them, even when there are no assets, and when the plea was not untrue to their own knowledge, unless some one of the pleas which goes to .the whole cause of action, be found in their favor. If he plead
 
 plene administravit,
 
 in whatever form pleaded, and it be found in any part false, or if it be, as pleaded, confessed by the plaintiff, and issue be joined on any other plea or pleas, on which the verdict is generally against the defendant, the judgment is in
 
 presentí
 
 or
 
 qnando,
 
 as the case may be, for the debt to be levied
 
 de bonis testatoris,
 
 and for the costs, presently to be levied
 
 de bonis testatoris et si non, de bonis propriis.
 
 So it is laid down (1
 
 Saund. 536, note
 
 10,) by Sergeant
 
 Williams,
 
 whose writings have, after a scrutiny of many years, been found so accurate as to be now deemed of the text of the common law, especially upon the heads of pleadings an(j entries. The adjudications in our own courts have
 
 '
 
 been repeatedly accordant,
 
 (Parker
 
 v.
 
 Stephens,
 
 1
 
 Hay.
 
 218.
 
 Hogg v. White, ib.
 
 298.
 
 Teasdale
 
 v.
 
 Branton,
 
 2
 
 Hay.
 
 377.) It is only when the executor succeeds on an issue on some one plea \\Inch goes to the whole cause of action, that he is entitled, to costs, and in such case he is entitled, although he may have failed upon other pleas put in by him.
 
 (Cockson v. Drinkwater, Dougl.
 
 239.
 
 Hindsley
 
 v.
 
 Russell,
 
 12
 
 East.
 
 232.
 
 Hogg
 
 v.
 
 Graham,
 
 4
 
 Taunt.
 
 135.) And as to the verdict on an issue on the particular
 
 pica, of plene administravit,
 
 either generally or
 
 preeter,
 
 it is, upon the same principio, only when found altogether for the defendant, (that is, either that he has no assetsor none beyond the sum confessed, so that the judgment would be in England, 'that he go without day, and here,
 
 qnando
 
 for the whole sum in dispute in the issue,) that the defendant is entitled to costs-.
 
 (Wellborn
 
 v.
 
 Gordon.
 
 1
 
 Murph.
 
 502.
 
 Battle
 
 v.
 
 Rorke, ante 1 vol.
 
 228.) For every judgment on a verdict on issues, must be for costs against one- of the parties, and it is clear that the execuioi’ cannot recover his»
 
 *584
 
 costs where neither of his picas proves a bar to the plaintiff. Consequently he must pay them. It is just that lie should, if he has any assets, and did not confess them truly, for if he had,theplaintiff might have accepted them and taken judgment immediately
 
 quando,
 
 for the residue of the debt. The pleading of the executor compels the plaintiff to incur the expense of a trial, and these expenses must be paid by him through whose fault they accrued. .
 

 The judgment does not seem to have been entered at length, but if it had been, and expressly
 
 de bmis testa-taris
 
 only, or
 
 de bonis propriis,
 
 it is according to Sergeant
 
 William’s
 
 note amendable, even after error brought. We think it ought to be made conformable to the rights of the parties, and also that judgment may be rendered on this
 
 sci. fa. for
 
 costs without a suggestion in it of a
 
 devastavit,
 
 as is laid down in
 
 Teasdell v. Branton,
 
 which has been since followed.
 

 It is not competent for this court to pass in the first instance, on the issue joined on mil
 
 tiel record,
 
 but the cause must be remanded to the Superior Court for that purpose.
 

 The judgment must therefore be reversed, and a
 
 pro-cedendo
 
 awarded.
 

 Per Curiam. — JudgmeNt reverses.