*289
 
 Gaston, Judge.
 

 We do not perceive that any error has been shown in the charge of the judge to warrant a .reversal of the judgment rendered for the plaintiff in the Superior Court.
 

 The entire tract of land, of which that in controversy is a part, is admitted to have been the property of Catharine Bailey, to whom Frances Matthews, the feme lessor is an heir at law. There is no circumstance.during the life of Catharine Bailey, raising, or tending to raise, the presumption of a conveyance to her illegitimate sons, under one of whom, the defendants set up title. It is true, that while she lived, these sons were settled on the tract, and made improvements thereon, but their mother, who held the legal title, resided thereon,also. There is not only
 
 na
 
 evidence that their possession was adverse to her, but the evidence offered by the defendants shows that such possession was consistent with, and in subordination to her title. At the time of her purchase of the tract, she had promised, if they would improve the land, and support her during the residue of her life, to give the land to them. No time was named for the execution of this promise; and unquestionably, she had the whole of her life to perform it in. An occupation by the mother and the sons, taken after this purchase and promise, and continued during her life, must be regarded as one, in assertion of their respective rights; that is to say, by her as the owner of the land; and by them, under the assurance that they would become its owners. The declaration on her deathbed of a wish that a small part of the land should be set apart for a helpless daughter, is not easily to be reconciled with the supposition that she had actually conveyed the whole of it away.
 

 Soon after the death of Catharine Bailey, the possession of these sons became adverse to the title of her heirs at law. The heirs met on the premises, and after alloting twenty-five acres to the helpless daughter, divided the residue of the tract between the illegitimate sons. But at the time of this division, the feme lessor was under coverture, and has since so continued, up to the institution ' of this suit. If, therefore, the presumption arising from
 
 *290
 
 adverse possession long continued, is to be regulated, as'the counsel for the defendant insists it should be, in precise analogy to the provisions of the act of limitations, the presumption cannot, be raised, because Mrs. Matthews was under disability during the entire period of such adverse possession. But we do not adopt this position
 
 in extenso,
 
 or without qualification. Presumptions of the kind no.w under consideration, are indeed, principally, but not altogether artificial presumptions, drawn by the law itself, in advancement' of certain principles of public policy and convenience, but they are also in part natural presumptions of mere fact. As legal presumptions, they are the means or instruments by which Courts are enabled to extend the requirements of statutes or positive rules of law, to cases falling within a like mischief, but. not within their express operation; and thus considered, their extension is very properly governed by the analogies of such express requirements. But as presumptions of fact, they must necessarily be open to the influence of all collateral circumstances, tending to confirm or repel the fact sought to be inferred. Thus it is clear, that a forbearance to require payment of the principal or interest of a bond for twenty years after it becomes due, raises a presumption that it has been paid ; but this presumption may be raised by a forbearance for less than twenty years, combined with other circumstances, rendering the inference of payment probable ; and the presumption raised by a forbearance for twenty years may be repelled by evidence that the debtor, had not the means or the opportunity of paying. Fladony
 
 v. Winter,
 
 19 Ves. Jun.
 
 196.
 

 The objection of estoppel has not been pressed here, and for obvious reasons cannot be sustained. The judgment is affirmed with costs.
 

 Per Curiam. Judgment affirmed.