Daniel J.
 

 The defendant now insists, that if upon the testimony in this case the jury hada
 
 doubt,
 
 whether William Yaughan, at any time whilst he remained at Woodville, was able to,pay this debt, then he was not
 
 insolvent
 
 within the meaning of the law, declaring that circumstance sufficient to repe'l a presumption of payment after a lapse of twenty years. The answer is, that the Court left it to the to
 
 *202
 
 say, whether William
 
 Ymghm"could, not pay” ánx'mg
 
 that l'ine* And R>e jury by their verdict havesaid, that he could not have paid the debt during that time. If the evidence had tjeen sufficient to have raised a
 
 doubt
 
 in their minds, we suppose that they would not have returned a verdict, that he was
 
 not
 
 at any time able to pay the debt. William Vaughan was insolvent when he gave the bond, and also when it became due. He removed to Woodville, a considerable distance from the plaintiff’s residence; and in eight years thereafter he died insolvent. The Judge, in his charge to the jury, did, it is true, mix up the circurbstance of distance between the parties, upon the point whether Vaughan could, and at any time did pay, during that period. The defendant contends, that for a small space of time, (18 months,) in the said twenty years, that Vaughan was, (by his witness) proved'to have had in his possession, at Woodville, a house and lot and other property worth from five to six thousand dollars. And therefore, that he, Vaughan, was not
 
 coniin-nously insolvent,
 
 during the whole space of twenty years from the time the bond became payable. The law makes it the duty of the debtor to seek his creditor and pay him. Take the fact to be, then, that for the space of 18 monthSj during the latter'part of the first seven or eight years, in the twenty years from the time the bond became payable, Vaughan did have at Woodville the means of payment; then the circumstance of distance between the debtor and the creditor,. might, w e think be left to the jury, with the fact of a continuous insolvency duringthe residue of the twenty years, as some evidence, that the debtor did not pay the debt during that small space of time. It comes within what was said by this Court,
 
 (McKinder
 
 v
 
 Littlejohn,
 
 1 Ired. 66,) that the repelling of the presumption will not be hindered by the fact, that the debtots had a reversionary interest in certain slaves, which vested in possession but a short time before the suit was brought, when it did not appear that the creditor knew of the existence of the reversionary interest. The distance is material, only-as preventing the possession of property by (he debtor for but a short period from counteracting
 
 *203
 
 the effect of insolvency, as a circumstance repell-iug the pre sumption of payment. For if the debtor, living: more than a thousand miles from the creditor, and in a situation between which, and the place of the creditor’s residence there was but little communication, should have had in possession property of value to pay the debt but for a very short lime, so that the jury should think the creditor did not know of it and could not
 
 get
 
 payment out of that property, it might be’ regarded as being, substantially, a continued insolvency: especially, where, as here, the debtor seems barely to have had possession of property, without its appearing how he got it and whether he had paid for it. Immediately after-wards, his state was that of absolute destitution. Therefore we think the residences of these parties was, in reference to the other facts, some evidence in aid of the insolvency and general state of destitution of .the debtor. Lastly; we think of course, the Court ought not to have charged the jury, as prayed, that if Vaughan had in his possession any property at Woodville or any where else, .then that fact took him out of the state of insolvency, which would -repel the presumption of payment, after the lapse of twenty years. Although he might be able to live, yet if wholly unable to pay this debt, it is justly to be considered insolvency throughout. The Judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.