(O. L. HALL v. L. GIBBS.

*Statute of Limitations.*

The presumption of payment of a bond arises after ten years from the time the right of action accrues. Rev. Code, ch. 65, § 18. (The provisions of section 43 of the Code of Civil Procedure do not apply to this case.)

(*Hamlin* v. *Mebane*, 1 Jones Eq., 18, cited and approved.)

CIVIL ACTION tried at Spring Term, 1882, of CARTERET Superior Court, before *Gilmer, J.*

This action is founded on a sealed note executed by defendant to plaintiff's intestate on the 24th of January, 1866, payable two years after date, and upon which a credit of $85.46 was endorsed on the 14th of September, 1869.

. The defence set up was, that the bond was presumed to have been paid by lapse of time, and that it had in fact been paid to said intestate in goods.

The action was commenced on the 20th of January, 1881.

The plaintiff's intestate died on the 17th of April, 1875, and there was no administration on the estate until the appointment of the plaintiff on the 16th of December, 1880.

On the trial the judge intimated that the bond was presumed to be paid, and in deference to that opinion the plaintiff submitted to a nonsuit and appealed. .   .

*Messrs. Green & Stevenson,* for plaintiff.
No counsel for defendant.

ASHE, J. The opinion intimated by His Honor is correct. The bond sued on matured on the 25th of January, 1868, and the cause of action then having accrued to the plaintiff, the statute of presumptions in force previous to the ratification of the Code of Civil Procedure is applicable. C. C. P., § 16.

The action was not brought until 20th of January, 1881, more than ten years after the right of action had accrued on this bond, and the presumption of its payment or satisfaction had arisen within that time. Rev. Code, ch. 65, § 18. (Act of 1826.) It is true this presumption may be rebutted, but there was no proof offered in rebuttal in this case. There was nothing shown on the trial to obstruct the running of the statute. The death of the plaintiff's intestate, the obligee of the bond, could not have that effect. I :

the act of 1826, which provides for the presumption of payment or satisfaction of bonds, &c., after ten years, there is no saving whatever. "It seems," as PEARSON, C. J., said in *Hamlin* v. *Mebane*, 1 Jones' Eq., 18, "to have been intended emphatically as a statute of repose."

Nor was its course suspended by the death of the obligee before the expiration of the ten years after the right of action accrued under section 43 of the Code, for the provisions of that section only apply to the limitations prescribed in the Code of Civil Procedure.

No error.                                            Affirmed.