MARY TUCKER, Executrix, v. GEORGE S. BAKER, Administrator.

*Statute of Limitations and Presumptions.*

1. The bond sued on in this action was executed in 1859 and is therefore governed by the statute of limitations then in force.

2. While the recognition of a subsisting indebtedness by the personal representative, and promise to pay the same, is not sufficient to revive a cause of action barred by a positive statute of limitations, yet it is competent to be considered in passing upon the issue of payment, and is sufficient to rebut the presumption of payment having been made.

3. When more than ten years have elapsed since the right of action arose, but during a portion of that time there was no personal representative of the creditor who could sue, or of the debtor who could be sued, whether such portion of time must be left out of the computation of time during which the statute was running—*Quære?*

(*Fleming* v. *Fleming*, 85 N. C., 127 ; *Oates* v. *Lilly*, 84 N. C., 643 ; *Buie* v. *Buie*, 2 Ired., 87, cited and approved. *Quince* v. *Ross*, 2 Haywood, 377 ; *Ridley* v. *Thorpe*, 2 Haywood, 343 ; *Hamlin* v. *Mebane*, 1 Jones Eq., 18 ; *Hodges* v. *Council*, 86 N. C., 181 ; *Hall* v. *Gibbs*, 87 N. C., 4, cited and commented on).

CIVIL ACTION, tried before *Phillips, Judge*, upon a case agreed at January Term, 1886, of the Superior Court for FRANKLIN county.

The present action was commenced on October 16, 1879, and its object is the recovery of money due on a sealed note. The facts are agreed on as follows:

That on May 25th, 1859, James Murphy executed the note under seal sued on, for $300, payable one day after date; that on October 2nd, 1859, there was a payment on the note by Murphy of $100, which was duly credited thereon; that soon after such payment was made, the note was transferred to J. B. Tucker, plaintiff's testator, for value; that J. B. Tucker died in 1864, leaving a last will and testament, under which plaintiff qualified as executrix; that James Murphy died in 1861, leaving a last will and testament, to which H. Harris qualified as executor in 1861; that he was removed as executor in 1876, and W. H. Spencer was appointed administrator *de bonis non, cum testamento annexo*.

After the appointment of Spencer as administrator, the plaintiff executrix presented her claim to him and demanded payment. The administrator answered that there were no personal assets in his hands belonging to his testator, but that there was some land; and the plaintiff demanded that said land should be subjected to the payment of this debt, to which he assented, and promised that as soon as he could by proper proceeding make the land assets, he would pay the debt.

The administrator instituted proceedings against the heirs-at-law of said James Murphy for that purpose, which was resisted.

W. H. Spencer died in September, 1877, before any decree was obtained, and the proceeding abated.

Letters of administration were issued to the defendant Baker as administrator *de bonis non* of James Murphy, October 15th, 1879. Summons issued on October 16th, 1879.

That no assets have come into the hands of the defendant, and none went into the hands of W. H. Spencer, administrator.

That sufficient assets to pay the debts of James Murphy went into the hands of H. Harris, his executor, and that no final account was rendered by said executor.

Upon the foregoing facts it was adjudged that the plaintiff take nothing by his action, and that the defendant go without day and recover of the plaintiff the costs and disbursements of the action.

From this judgment the plaintiff appealed.

*Mr. Jos. B. Batchelor*, for the plaintiff.
*Mr. C. M. Busbee*, for the defendant.

SMITH, C. J. (after stating the facts). The defences set up are payment presumed from the lapse of time, unexplained, under statute, and the bar of the statute to the claims of creditors not prosecuted within seven years after the death of the debtor. Revised Code, §§18 and 11.

There is no suggestion of the inability of the party who executed the note to pay it, and he did in fact pay a part of it. So, his executor, Harris, had assets sufficient for the purpose, during the succeeding fifteen years he held that office, and until his removal in 1876.

During this period, from which, however, must be eliminated the interval from May 20th, 1861, to January 1, 1870, by virtue of the act suspending the statutes of limitation and presumption, there is nothing to explain the delay in suing, or to repel the presumption. Counting the time from the payment on the note in October, 1859, to May 20, 1861, and from January 1, 1870, to the commencement of this action, more than ten years had elapsed, so that the presumption that the debt had been paid,

would be raised, unless, as contended by plaintiff's counsel, the two years between Spencer's death and the issue of letters of administration to the defendant, are to be left out in the count of time, or the presumption is repelled by what transpired between Spencer and the plaintiff in reference to the claim.

In drawing a distinction, which for many purposes undoubtedly exists, between a statute that bars the remedy, and a statute which presumes a satisfaction of a demand, the argument for the plaintiff was long and exhaustive of the learning on the subject. The cases cited from 2 Haywood—*Quince's Adm'r* v. *Ross, Adm'r*, 377, and *Ridley's Adm'r* v. *Thorpe*, 343, (Battle's Ed.)—do seem, the first directly and the latter by inference, to sustain the contention that the statute does not run, or rather that the presumption is rebutted, by proof that during a portion of the ten years, there was a gap between the death and the appointment or qualification of a representative, or the death of the latter and the appointment of successor, during which there was no one to sue. The later authorities, cited by defendant's counsel, do not seem to sustain the proposition. *Hamlin* v. *Mebane*, 1 Jones Eq., 18; *Hodges* v. *Council*, 86 N. C., 181; *Hall* v. *Gibbs*, 87 N. C., 4, and other cases.

But it is not necessary to pass upon the point, since there is another ground upon which we propose to put our decision of the cause.

We regard what passed between the plaintiff and the administrator Spencer, after the latter's appointment, as his distinct recognition of the subsisting indebtedness, and assuming the facts to be true, sufficient to rebut the presumption, unless ten years thereafter passed before suit, and if this were so, during all that subsequent interval, the presumption would not arise, because the successive administrators, Spencer and Baker, were without assets wherewith to make payment.

While what transpired between the plaintiff and Spencer, would not be sufficient to revive a demand, barred by a positive statute limiting the time for bringing the action, as was held in *Fleming* v.

*Fleming*, 85 N. C., 127, so as to subject to liability the estate of a deceased debtor, and still less so the debtor himself, even if what was there said was in writing—*Oates* v. *Lilly*, 84 N. C., 643—yet it is competent to be considered in passing upon an issue of payment, and rebutting the presumption of its having been made.

This is ruled in *Buie* v. *Buie*, 2 Ired., 87, and as an authority it is decisive.

In this case, the late Chief Justice, then a Judge of the Superior Court and presiding at the trial, instructed the jury thus:

"If the evidence satisfied the jury, that such an acknowledgment had been made by the defendant," (who became the executrix of one and the administratrix of the other obligor in the note under seal sued on), within thirteen years next before the issuing of the writ, that would repel the presumption; but unless the acknowledgment was made within that time, there was nothing to repel the presumption, and they would find for the defendant on the issue of payment."

Upon the appeal, GASTON, J., delivering the opinion, says:

"All the points made in this case in the Court below, appear to us to have been properly decided."

Referring to the term of "*thirteen years*" used in the charge, instead of the ten years prescribed in the statute, he remarks that this inaccuracy furnishes no ground for reversing the judgment, for that "a party cannot except for error to an instruction which he hath himself prayed; and the *substance* of the instruction was correct, as the acknowledgment, if made at all, was made within ten years."

As the facts are agreed, we hold that the presumption is repelled by the acknowledgment.

There is error, and judgment will be here entered for the debt, interest and costs, but without charging the defendant with assets.

Error.                                                       Reversed.