LONG & REID v. G. W. CLEGG, Administrator.

*Presumption of Payment—How Rebutted.*

1. Under the law as it was prior to 1868, the presumption of payment of a bond, raised by the lapse of ten years after its maturity, was an artificial presumption of fact, raised by the law, to be acted on by the jury, and was not created by any statute.

2. This presumption is not one of law, but of fact, and may be rebutted by showing that no payment was in fact made, or such other circumstances as are sufficient in law to remove the presumption.

3. The presumption is founded on the remissness of the creditor in suing, and the inference that his reason for not suing is, that the debt has been paid, and where there is a positive inability to sue for a part of the ten years, such part should not be counted.

4. So, where a debtor died after the bond was due and the presumption had begun to run, and no administration was had on his estate for some years; *It was held*, that the time during which there was no administration must be elimi-

nated, and only the time during which there was a person *in esse* to sue could be counted in computing the ten years.

(*Matthews* v. *Smith,* 2 Dev. & Bat., 287; *McKinder* v. *Littlejohn,* 1 Ired., 66; *same case,* 4 Ired., 198; *Buie* v. *Buie,* 2 Ired., 87; *Hall* v. *Gibbs,* 87 N. C., 5; *Ingram* v. *Smith,* 1 Ired. Eq., 97; *Woodhouse* v. *Simmons,* 73 N. C., 30; *Quince* v. *Ross,* 2 2 Hay., 377 (380); *Grubbs* v. *Clayton,* 2 Hay., 378 (375); *Ridley* v. *Thorpe,* 2 Hay., 525; *Glenn* v. *Kimborough,* 5 Jones' Eq., 173, cited and approved).

(Additional cases, cited in the dissenting opinion : *Jones* v. *Brodie,* 3 Murph., 594; *Powell* v. *Brinkley,* Busb., 154; *Grant* v. *Burgwyn,* 84 N. C., 560).

ASHE, J., *dissented from the judgment of the Court.*

CIVIL ACTION, tried on appeal from a Justice of the Peace, before *Montgomery, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of IREDELL county.

This action, begun in a Justice's Court, and upon an adverse judgment, removed by defendant's appeal to the Superior Court of Iredell county, is for the recovery of the money due on a note under seal, executed by the defendant's intestate, William Maxwell, to the plaintiff, on the 30th day of January, 1868, and due one day after date.

William Maxwell, the debtor, died in December, 1869, and no administration was granted on his estate until September 6, 1882, when letters issued to J. A. Watts, and the present suit was instituted in the next month. The latter died pending the action, and letters *de bonis non,* on the intestate estate, were granted to the present defendant.

The defence relied on, is the payment presumed from the lapse of time since the maturity of the obligation, and this, the plaintiff insists, is rebutted by the long interval, more than twelve years, after the intestate's death, during which there was no administration, and no one to sue for non-payment of the note. The Court on these facts was of opinion, that the statutory presumption had not been repelled, and so instructed the jury, who find for the defendant, and from the judgment rendered on the verdict the plaintiffs appeal.

*Mr. M. L. McCorkle* for the plaintiffs.
*Mr. D. M. Furches* for the defendant.

SMITH, C. J., (after stating the facts). Strictly speaking, there was, when this cause of action accrued, no statute limiting the time in which suit must be brought on a bond, but after the lapse of ten years, in the absence of rebutting evidence, an artificial presumption of payment, as a fact, was raised, to be acted on by the jury. It was not a presumption of law, such as arises from an adverse occupancy of land for thirty years, of the issue of a grant from the State, which was not allowed to be controverted; but of fact, open to disproof, in showing that no payment had been made, or such facts, as in law, were held to be sufficient to remove the presumption, as in case of the debtors continued insolvency during the entire period, which explained the inaction of the creditor. His remissness furnished the source of the inference that the debt had been paid, for why does he wait, unless this is so? The inquiry is not whether the time in which there was no administration should be counted, or left out in computing the ten years, but whether the absolute inability of the creditor to bring suit, except for a period less than ten years of the entire intervening space, does not fully and adequately account for the delay, and repel the presumption resting solely on the creditor's inactivity.

"It is clear," remarks GASTON, J., "that a *forbearance* to require payment of the principal or interest of a bond for twenty years," (the time at common law, reduced to ten by the Act of 1826,) "after it becomes due, raises a presumption that it has been paid. But this presumption may be raised by forbearance for less than twenty years, combined with other circumstances rendering the inference of payment probable." *Matthews* v. *Smith*, 2 D. & B., 287.

The same eminent Judge, in a later case, uses this language: "The presumption against a bond, raised from the lapse of twenty years, without demand by the obligee, or acknowledgement of the obligor, is, in one sense, a presumption of law. The law attributes to such lapse of time, a technical operation, so that it is the duty of the court, if no opposing testimony be

offered, to advise the jury to find the fact of payment. But the inference to be raised, is an inference of fact, liable to be attacked, repelled or confirmed by other testimony. And it is the duty of the triers of the fact, allowing to this technical presumption its *prima facie* force, to find the facts as it may appear upon the proofs." *McKinder* v. *Littlejohn,* 1 Ired., 66.

When the case was again before the Court, DANIEL, J., in the opinion, thus speaks : " The law makes it the duty of the debtor to seek his creditor and pay him. Take the fact to be then, that for the space of eighteen months, during the latter part of seven or eight years, in the twenty years from the time the bond became payable, Vaughn did have at Woodville" (in Mississippi, to which place he had removed,) "the *means of payment,* then the circumstances of distance between the debtor and the creditor, might, we think, be left to the jury, with the fact of a *continuous insolvency* during the residue of the twenty years, as some evidence that the debtor did not pay the debt during that small space of time." *McKinder* v. *Littlejohn,* 4 Ired., 198. With the attention of the Court thus called to the kind and nature of the rebutting evidence required in neutralizing the statutory presumption, the very point now presented came up for consideration, and was determined in *Buie* v. *Buie,* 2 Ired., 87. The late Chief Justice, then presiding in the Superior Court, thus charged the jury: " Upon the plea of payment, under the Act of 1826, (Rev. Stat., ch. 65, §13,) a note, situated as this was, was presumed to have been paid after thirteen years," (the period elapsing when the Act of 1826 was passed,) " unless that presumption was rebutted. That here, as to Neil Buie's estate, it was admitted that the thirteen years had run ; but there was no administration upon his estate, until the year before the suit was brought, and this was *sufficient to repel the presumption,* for during all that time, there was no person to pay." Reversing the ruling on appeal, the Court, GASTON, J., delivering the opinion of himself and his very able associates on the bench, says : " It cannot be doubted, we think, that the want of a per-

son against whom to bring suit, *rebuts the presumption of pay-ment, arising from forbearance to sue."* *Ingram* v. *Smith,* 6 Ired. Eq., 97 ; *Woodhouse* v. *Simmons,* 73 N. C., 30 ; *Quince* v. *Ross,* 2 Hay., 377, (380) ; *Grubs* v. *Clayton,* 2 Hay., 378, (575) ; *Ridley* v. *Thorpe,* 2 Hay., 525, (343) ; *Glenn* v. *Kimborough,* 5 Jones Eq., 173. We are not aware of any adjudication since, that calls in question the rule thus sanctioned by these eminent jurist, and, as far as we know, accepted and acted on as correct, and the reasonableness of which finds its own self-vindication in the general acquiescence.

In a case decided in Pennsylvania in 1882, *Bentley's Appeal,* 99 Penn. St., 500, these modes of repelling the presumption are mentioned :

The evidence must consist of ;

I. An unconditional and unqualified admission, either ex-pressed or implied, on the part of the defendant, within twenty years, of the justness of the claim, and that it is still due.

II. A payment on account of either the principal or interest, either of which is an implied recognition of the debt.

III. The situation, condition, or circumstances of the parties, such as the absence of the plaintiff or defendant in a foreign country, the insolvency or embarrassment of the plaintiff or of the defendant."

At first view, it may not seem to be in harmony with *Hall* v. *Gibbs,* 87 N. C., 5, where it is held that the death of the obli-gee, and the want of administration for more than four years thereafter, which must be counted to make up the statutory period, were insufficient to repel the presumption. The same remissness in not suing out letters of administration by those entitled to the personal estate, may stand, as rebutting evidence, upon somewhat the same grount as the remissness of the credi-tor in asserting his demand by action, and hence the explanatory inference is drawn, that the debt has been discharged. But the case is different when the debtor remains the whole time acces-sible to process, and none is sued out to enforce his liability.

The distinction in the cases may be maintained, upon the principle that there can be no forbearance, the admitted foundation of the presumption, when there is no one to forbear or to indulge the debtor, and no inference from remissness can be drawn.

We are unwilling, therefore. to repudiate the ruling in *Buie* v. *Buie, supra,* so long recognized as law, and unsettling an adjudication not only resting upon authority, but commending itself to our approving judgment. There is error, and there must be a *venire de novo,* to which end this will be certified to the Court below for further proceedings therein.

MERRIMON, J., (concurring). I concur fully in the opinion of the Court in this case, as delivered by the Chief Justice, and will say for myself, that it seems to me clear, that the rule as stated and applied by him, must, in the nature of the matter, be the true one.

The purpose of the statute is to raise the presumption of fact, that a bond, not paid within ten years next after the right of action upon it accrues, has been paid. But this presumption is not conclusive—on the contrary, it may be rebutted by any fact or facts that tend reasonably to show that it has not been paid. The statute is, indeed, one of repose, but its purpose is not to conclude the creditor, and prevent him from showing the truth—it simply puts upon him the burden of proving that the bond has not been paid, and this he may do by any proper evidence of facts, that are in their nature sufficient so destroy the presumption raised by the statute. These facts must be such as show that the creditor, or party in interest in the bond, had reasonable ground for failing to sue before the lapse of ten years. He must show that he has substantial reason for failing to sue within that time. In *Dunlap* v. *Ball,* 2 Cr., 80, Chief Justice MARSHALL said: "The principle upon which the presumption of payment arises from lapse of time, is a reasonable principle, and may be rebutted by any facts which destroy the reason of the rule. In that case it was held, in order to create the pre-

sumption of payment of a bond, twenty years must have elapsed, exclusive of the period of the plaintiffs disability to sue. · They were during the war of the Revolution alien enemies, and the time during the war, was not treated as part of the twenty years necessary to raise the presumption.

In this case, the right of action on the bond, accrued on the first day of July, 1868. The debtor obligor died in December, 1869. There was no administration of his estate until September 6th, 1882. This action was begun in about a month after that time.

Now is it not manifest, that the plaintiff could not sue, or collect his bond at all during the time there was no administrator of the deceased obligor? Did not the reason of the rule of presumption of payment cease, when the creditor could not collect his bond? Was not such inability to sue, quite as strong, and as good a cause to destroy the presumption of payment, as that of the continued insolvency of a debtor, from the time the right of action accrued, until the end of ten years? The latter cause has always been held to be sufficient to repel the presumption.

It is said that the plaintiff might have sued the intestate of the defendant before his death, and so he might, but he was not bound to do so—no presumption of payment had arisen then, and as he did not sue, surely he ought not to loose his debt, because he *could not* for ten years afterwards! Such injustice is not the spirit of the rule of presumtion in question.

It is said also, that in such cases, when the time *begins to run*, nothing can interpose to prevent the continuance of such. lapse. I cannot accept this view as correct. The very nature of the principle of such presumption of payment contravenes it. The presumption itself implies, that it may be rebutted by any interposing fact, that destroys its reasonableness, and shows that it is unfounded in truth.

The presumption of payment arising from lapse of time, is in the respect mentioned, different from a statute of limitation. The

49

latter is inflexible and unyielding—it ceases to operate only in the way and for the cause prescribed by the statute.

Error.                        .                        Reversed.


ASHE, J., dissenting.   I cannot concur in the opinion of the majority of the Court in this case.   The note in question was due on the 31st day of January, 1868.   The obligor died in the month of December, 1869, and there was no administration on his estate, until the 6th day of September, 1882.   His Honor's instruction to the jury, on the trial below was, that these facts raised a presumption that the bond had been paid, and the statute of presumption had not been rebutted.

The plaintiffs contended that inasmuch as there was no one who could have been sued, from December, 1869, until September, 1882, when the administration was first granted on the estate of the obligor, that fact was sufficient to rebut the presumption of payment, and for the position he relied upon the case of *Buie* v. *Buie*, 2 Ired., 87.   In that case, the defendant pleaded the act of 1715, and the presumption of payment.   The note in that case was given in 1818, and due twelve months after date.   Neil Buie, one of the obligors, died in 1823, and there was no administration on his estate until 1837, and the Court below held, that as there was no person to be sued, the presumption of payment was rebutted, and the decision was sustained by this Court.   The question of a presumption of payment does not seemed to have been discussed in this Court, but the entire stress of the argument of plaintiff's counsel, was upon the effect of the act of 1715. All of the authorities cited by Mr. Strange, who argued that case for the defendant in this Court, had reference only to that statute.

There can be no doubt that the action in that case was barred by the act of 1715, for the debt was due when the debtor died, and at the time of his death there was a creditor who might have sued, and that was all that was necessary to put that statute in operation—*Jones* v. *Brodie*, 3 Murphey, 594—so that there was

no necessity for deciding the other question of the presumption of payment. There is a marked distinction between the act of 1826, the statute of presumption, and the act of 1715. The former begins to run when the action accrues; the latter from the death of the debtor. The Court, in *Buie* v. *Buie, supra*, does not seem to have given particular consideration to the fact that there were five years intervening between the maturity of the note and the death of the debtor, in all of which time the debtor might have been sued. In fact, the opinion of the Court was almost entirely directed to the operation of the act of 1715, and only a passing reference was made to the statute of presumption. If the debtor had died before the note fell due, and ten years had elapsed before administration on his estate, there can be no question, upon the authorities and the reason of the thing, that the statute would not bar, nor would any presumption arise from the forbearance to sue, because there would have been no one who could be sued. This, we think, is the true distinction.

If *Buie* v. *Buie, supra*, be law, we do not see how it is to be reconciled with the subsequent decisions of this Court. In the case of *Powell* v. *Brinkley*, Busb. Law, 154, Pearson, Judge, who decide the case of *Buie* v. *Buie*, in the Court below, speaking for the Court, used this language: "When one is absent and unheard of for more than seven years, there is a presumption of his death; but there is no presumption as *to the time* of his death, for there is nothing to refer it to one time more than another. But when there is a presumption of payment, from lapse of time, it is otherwise, for there is a day fixed when the payment ought to have been made," and in support of the position, he cited, *Best on Presumption*, §§137–140; and in the more recent case of *Grant* v. *Burgwyn*, 84 N. C., 560, when the question under consideration was, whether the presumption of payment was rebutted by the insolvency of the debtor, Judge Ruffin, in delivering the opinion of the Court, said: "The only true rule in such a case is, to require such a state of insolvency to be shown to have

existed *during the entire ten years next after the maturity of the debt, as will prove that the debtor did not pay, because he could not,* and nothing short of this will the law permit to destroy its. own inference arising from the lapse of time. Besides this, in a case like the present, the presumption of payment, unlike that which is raised of the death of a party, from his being continually absent and unheard of for seven years, is by law referred to a period of time, and has relation to the day on which the debt became due." According to the rule laid down in this case, supported by the decision in *Powell* v. *Brinkley, supra,* if the debtor had been solvent for nearly two years after the maturity of the debt, his subsequent insolvency for ten years would not have been allowed to rebut the presumption of payment.

Upon what principle then, can a distinction be made between the case where insolvency is relied upon to rebut the presumption of payment, and that, as in this case, where the absence of a person to be sued is relied on for the same purpose? If in the former case, the entire period of ten years, commencing from the maturity of the debt, must be shown to rebut the presumption, why, by anology, must it not be requisite to be shown, in order to rebut the presumption, that for ten entire years, beginning from the maturity of the debt, there was no one in existence against whom an action could be brought? The cases are so analogous, that if the rule will hold good in the one case, it must in the other.

In our case, the debtor was alive and could have been sued at any time before his death, which occurred about twenty months after the maturity of the note. The presumption of payment arises within ten years after the *right of action accrues.* Rev. Code, ch. 65, §18. The action accrues when the note becomes due, provided there is a person to sue and one to be sued. When that is so, this statute of presumption begins to run, like the statute of limitation, from the maturity of the note, and like that statute, no disability subsequently arising, will arrest its progress. It was so held in this Court in *Hall* v. *Gibbs,* 87 N.

C., 4. There the creditor had died after the maturity of the note sued on, and it was held, that as the statute of presumption had begun to run against him when alive, his subsequent death did not obstruct the running of the statute. The principle there decided is applicable to this case, *mutatis mutandis,* and see also *Tucker* v. *Baker,* decided at this Term.

I am not inadvertent to the fact of the very eminent abilities of the distinguished jurists who made the decision in the case of *Buie* v. *Buie,* and I would confess the imputation of presumption in setting up my unsupported individual opinion against that of a Court so constituted, but what I contend is, that subsequent decisions of the Court are inconsistent with it, and I rely upon the fact, as heretofore stated, that the case was made to turn mainly upon the act of 1715, and that the effect of the act of 1826, was but slightly considered, and upon the more recent opinion of PEARSON, C. J., in the case of *Powell* v. *Brinkley, supra,* and Judge RUFFIN's opinion in *Grant* v. *Burgwyn, supra,* and the still more recent decision of this Court in the case of *Hall* v. *Gibbs, supra,* concurred in by all the Judges then constituting this Court.