I. V. and E. BAIRD, Adm'rs of W. R. Baird, v. W. T. REYNOLDS, Adm'r of Daniel Reynolds.[*]

*Questions of fact for the Court and for the Jury—Evidence— Statute of Limitations—Presumptions—Seal.*

1. Whether a scroll affixed to a bond is a seal, is a question of law for the Court; but whether there was a scroll, and whether the obligor placed it there, or adopted it as his seal, are questions of fact for the jury.

2. The period elapsing between the death of the *maker* of a bond and the qualification of his personal representative, must be excluded in computing the time when the statute of presumptions is relied upon as a defence; but the rule is different with respect to the time elapsing between the death of the *payee* and the appointment of his administrator.

CIVIL ACTION, tried before *MacRae, J.*, at March Term, 1888, of BUNCOMBE Superior Court.

The plaintiff sought to recover the balance alleged to be due upon a note, under seal, made by the defendant's intestate to J. S. T. Baird in 1863, for $1,500, which was assigned to plaintiff's intestate.

Defendant denied all the allegations of the complaint, pleaded counter-claims, scale of Confederate currency, "that more than ten years have elapsed since the plaintiff's alleged cause of action accrued, and before the commencement of this action, and the same is barred by the statute of limitations in such case provided."

And the same as to three years.

This action was begun on the 5th of January, 1880.

The plaintiff offered a paper, much mutilated and worn, and in several pieces.

W. E. Weaver, a witness for plaintiff, testified that he knew the handwriting of Dan'l Reynolds. The writing was

[*]MERRIMON, J., did not sit upon the hearing of this cause.

very dim, but he thought that it was Dan'l Reynolds' signature. His best impression was, that he had seen the note before; that it was, at that time, all in one piece, and he recognized the credit endorsed as in W. R. Baird's handwriting.

This witness further testified, that in 1877 or 1878, he saw Dan'l Reynolds, a short time previous to his death, and mentioned to him something about his indebtedness to W. R. Baird, but witness does not know that he mentioned this note.

Dan'l Reynolds replied, it was true Uncle Billy (meaning W. R. Baird) did claim that he owed him something, but if J. S. T. Baird would come forward and do what was right, he (Reynolds) would not owe him a cent.

It was in evidence that W. R. Baird died November, 1883, and the plaintiffs qualified as his administrators January 1st, 1884; that Dan'l Reynolds died January 21st, 1878, and the defendant qualified as his administrator April 2d, 1878; and that the note was dated in 1863, with a credit endorsed November 1st, 1863, of $1,100.

Dr. Reagan testified for the plaintiffs, that during the war he had possession of W. R. Baird's papers, and that among them "there was a note given by Dan'l Reynolds to J. S. T. Baird for $1,500, and that this part (meaning that piece of the paper produced) looks exactly like it; that it was all in one piece then, the balance, or other pieces, is so dim that witness cannot swear to it. Witness does not recollect the endorsement, but he knows that the note was transferred to W. R. Baird.

Much testimony was offered by the defendant, in support of his counter-claim, but it, and the issues relating thereto, are immaterial for the purpose of this appeal. Dr. Reagan was recalled for the plaintiffs, and testified, " that he was pretty well satisfied that the note was under seal."

The plaintiffs asked the presiding Judge to inspect the

paper offered, and declare whether there was a seal affixed to the signature of the maker.

The Judge examined the note, and stated that he could not determine, by inspection, whether there was a seal or not, and left it to the jury, as a question of fact, to determine. Plaintiffs excepted.

W. E. Weaver was recalled by the plaintiff, and testified, that upon examination of the note there seemed to be a seal there, with the name written over it.

The issues material to this appeal were:

1. Is the defendant indebted to the plaintiffs as alleged in the complaint? If so, in what amount?

2. Is said indebtedness barred by the statute of limitations?

The plaintiffs, on the trial, insisted that the evidence of W. E. Weaver, as to the declaration of Dan'l Reynolds a short time before his death, was some evidence to go to the jury, to rebut the statutory presumption of payment of said note; and further, that the time between the death of defendant's intestate and the appointment of defendant as his administrator, should be excluded in counting the time during which the statute of presumption was running, and that the time between the death of plaintiff and the appointment of his administrators, should be excluded in counting said time.

The Judge instructed the jury:

"I am unable to decide by inspection whether there is a seal to that note or not. If you have been satisfied that the paper presented is a note made by Dan'l Reynolds to J. S. T. Baird, you must ascertain whether there is a seal. If there is a seal, you will respond to the first issue, No; for upon the testimony the presumption of payment has arisen. Plaintiffs excepted.

If there is no seal, you must find that it is barred by the statute of limitations."

The jury responded to the first issue, No, and to the last issue, Yes.

Judgment was rendered in favor of the defendant, and plaintiffs appealed.

*Mr. W. W Jones*, for the plaintiffs.

*Mr. C. A Moore*, for the defendant.

DAVIS, J., (after stating the case). 1. The first question presented is: Was there error in leaving it to the jury to say whether there was a seal or not?

In *Yarborough* v. *Monday*, 3 Dev., 420, there were two signatures to a contract and one seal, and the question was, whether both parties adopted one and the same seal.

It was said: " Whether the scroll affixed was in this State a seal, certainly was a question of law, to be determined by the Court, but whether the defendant placed it there, or adopted it as his seal, if placed there by the plaintiff or any other person, were questions for the jury."

The same was held in *Pickens* v. *Rymer*, 90 N. C., 282. If there was a scroll, the Court should have determined whether it was a seal or not; but whether there was a scroll or seal on the paper, was a question of fact, and in the worn and mutilated condition of the paper that could not easily be determined by inspection, and there was some evidence in relation to it, and the fair construction of his Honor's charge, when he told the jury, " You must ascertain whether there is a seal," is, you must ascertain the fact whether there was a scroll or seal attached to the name; and in this view we think there was no error.

2. Whether the testimony of Weaver as to the declaration of Reynolds was of much or little weight, it went to the jury for what it was worth, and without objection, and presents no question for our review.

3. Should the time between the death of the defendant's

intestate and the appointment of the defendant as his administrator, be excluded in computing the time in which the statute of presumptions was running?

· The question has been several times before this Court. It was presented and discussed in *Tucker* v. *Baker*, 94 N. C., 162, but not decided, as the case was disposed of on another ground, but it was directly before the Court at the same term in *Long* v. *Clegg*, 94 N. C., 763. It was there held by the Court, after a very full and deliberate consideration, that the time during which there was no administration, must be excluded in the computation of the time. We content ourselves with referring to that case and the authorities there cited, as setting the question at rest in this State.

4. Should the time between the death of the plaintiff's intestate and the appointment of his administrators be excluded?

In *Hall* v. *Gibbs*, 87 N. C., 4, the Court said, that the death of the plaintiff's intestate would not obstruct the running of the statute, and this we also take to be settled in this State. In explaining what, at first view, seems to be a want of harmony between *Hall* v. *Gibbs*, and *Long* v. *Clegg*, the Chief Justice said: " The same remissness in not suing out letters of administration by those entitled to the personal estate, may stand as rebutting evidence upon somewhat the same ground as the remissness of the creditor in not asserting his demand by action, and hence the explanatory inference is drawn, that the debt has been discharged. But the case is different where the debtor remains the whole time accessible to process, and none is sued out to enforce his liability. The distinction in the cases may be maintained upon the principle that there can be no forbearance, the admitted foundation of the presumption, when there is no one to forbear."

The time between the 20th of May, 1861, and January 1st, 1870, is not to be counted, and the time during which

there was no administration on the estate of defendant's intestate is not to be counted. There was evidence tending to show that he died on the 21st of January, 1878, and that administration on his estate was taken out on the 2d of April, 1878, and this action was commenced on the 5th of January, 1880.

There was error in charging the jury, that if there was a seal, "upon the testimony, the presumption of payment has arisen."

The plaintiff is entitled to a new trial.

· Error.