A jury trial being waived, by consent, the facts were found by the court.
The action was brought by Elisha Coppersmith, administrator de bonis non
of the estate of William Coppersmith, against the executrix (and her husband) and the surviving surety of the former administrator, and the executrix of a deceased surety and her husband. The judgment demanded was for an account of the administration, and for such sum as should be ascertained to be due, the bond to be discharged upon the payment thereof.
William Coppersmith died in 1866, and Benoni Cartright qualified shortly after in that year as his administrator, and considerable property came into his hands. His sureties were F. M. Godfrey and John Cartright. The administrator, Cartright, died in 1882, without completing the administration; and his wife, the defendant Penelope (who has since intermarried with the defendant s. P. Wilson), qualified as *Page 62 
his executrix in 1882. One of the sureties, John Cartright, died in 1884, and, in the same year, Pattie Cartright, his wife, qualified as his executrix.
The plaintiff, Elisha Coppersmith, qualified as administrator of the estate of William Coppersmith in March, 1886.
At the time of the death of the said William Coppersmith, as aforesaid, he left surviving him as his heirs at law five children, named, respectively, and of age at the commencement of this suit, as follows: John T. Coppersmith, thirty-seven years; William G. Coppersmith, thirty-four years; Elisha Coppersmith, thirty-two years; Susan Coppersmith (who intermarried with one James T. Chorey on 29 December, 1876), twenty-three years; Henry Coppersmith, twenty-one (33) years, who are his distributees, and entitled to their respective shares of his personal estate.
The following issues were found by the court, and judgment rendered thereon, as hereinafter set out:
1. Is the claim of John T. Coppersmith, administrator of Ann Coppersmith, barred by the statute of limitations? Answer: "Yes."
2. Is the claim of John T. Coppersmith, administrator of Elizabeth Delon, barred by the statute of limitations? Answer: "No."
3. Is the claim of Elizabeth Coppersmith, owner of the interest of Elisha Coppersmith, deceased, barred by the statute of limitations? Answer: "Yes."
4. Is the claim of John T. Coppersmith, administrator of Fannie B. Coppersmith, barred by the statute of limitations? Answer: "No."
5. Is the claim of Susan Chorey (formerly Coppersmith) barred by the statute of limitations? Answer: "No."
6. Is the claim of Henry Coppersmith barred by the statute of limitations? Answer: "No."
It is adjudged by the court that the action is barred as to the claim of John T. Coppersmith, administrator of Ann Coppersmith, widow of Wm. Coppersmith, deceased, and as to Elizabeth Coppersmith, widow of Elisha Coppersmith and assignee of his interest, and that the same is not barred as to the claim of John T. Coppersmith, administrator of Fannie B. Coppersmith, John T. Coppersmith, administrator of Elizabeth Delon, Henry Coppersmith and Susan Chorey (formerly Coppersmith). This cause, except as to the statute of limitations aforesaid, is referred to William J. Griffin, who will take and state an account of the dealings of Benoni Cartright with the estate of William Coppersmith, deceased, and report the same to the next term of the court, and file the same at least thirty days before the first day of the next term. *Page 63 
1. The defendants except to the findings and rulings of the (34) court, that the claims of John T. Coppersmith, administrator of Fannie B. Coppersmith and Elizabeth Delon, is not barred by the statute of limitations. All the evidence upon the same shows that said Coppersmith, administrator of said Fannie B. Coppersmith and Elizabeth Delon, is barred by the statute of limitations.
2. Defendants except to the judgment of the court rendered in this cause.
It was in evidence as follows: This action began 20 February, 1886; Wm. Coppersmith died in July, 1886, leaving, among other children, Fannie B. Coppersmith and Elizabeth Delon. Elizabeth Delon married before she was twenty-one, and died about the year 1872, before the death of her husband. John T. Coppersmith administered upon her estate about one year ago, and, as such administrator, was duly made a party plaintiff in this action; record stating final account of Benoni Cartright, administrator of William Coppersmith, was filed 1 June, 1869. Receipt of Elizabeth Delon in words and figures following, to wit:
14 February, 1870.
STATE OF NORTH CAROLINA — Pasquotank County.
Received of Benoni Cartright, administrator of William Coppersmith, deceased, seventy dollars ($70) payment in full satisfaction of my distributive share of my father's estate, the said William Coppersmith, deceased.
Now, therefore, in consideration of the said amount of $70, I do hereby forever discharge the said benoni Cartright, as administrator aforesaid, and his official bond, from all further liability or responsibility by reason of his said administration as aforesaid, on account of my distributive share of the estate as aforesaid. Witness my hand and seal.
ELIZABETH (her X mark) DELON.
Witness: GEORGE W. SNOWDEN.
Benoni Cartright died October, 1882, and his wife Penelope (35) (who afterwards married Wilson) qualified as his executrix in November, 1882. Thereupon the court found the following facts in writing: That the claim of John T. Coppersmith, administrator of Elizabeth Delon, was not barred by the statute of limitations, and that the claim of John T. Coppersmith, administrator of Fannie B. Coppersmith, was not barred by the statute of limitations.
The only exceptions presented by the record relate to the claims of John T. Coppersmith as administrator of Elizabeth Delon and Fannie B. Coppersmith. The claims of the intestates were not barred at the time of their deaths, which occurred respectively in 1872 and 1866. There was no administration upon their estate until within a year of the commencement of this action, in 1886. The defendant puts his case entirely upon the construction of The Code, sec. 164. He argues that under this section there is a distinction made between cases where the action survives in favor of, and those in which the action survives against a deceased person, in that in the former the action must be brought within a year of the death of the intestate, without reference to the time of administration, and that in the latter it need not be brought until within a year after administration. The distinction contended for is very apparent from the language of the statute, and is doubtless founded upon the reasons given in Hall v.Gibbs, 87 N.C. 4; Baird v. Reynolds, 99 N.C. 469; Longv. Clegg, 94 N.C. 763. These were cases under the statute of presumption, and in the latter case it is said that the time during which there was no administration upon the estate of the claimant should be counted, because of the remissness of those entitled to obtain (36) administration.
Dunlap v. Hendley, 92 N.C. 115, may be sustained without reference to what was said upon this point, and we cannot regard it as authority against the plain letter of the statute.
In our opinion, the claims are barred.
Reversed.
Cited: Benson v. Bennett, 112 N.C. 507; Hughes v. Boone, 114 N.C. 57;Burgwyn v. Daniel, 115 N.C. 119; Winslow v. Benton, 130 N.C. 59;Lowder v. Hathcock, 150 N.C. 440; Geitner v. Jones, 176 N.C. 544.