Daniel, Judge.
 

 The law permits two or more ob-ligors to adopt one seal, and it will be the deed of both of them. (
 
 Ball
 
 v.
 
 Dunsterville,
 
 4
 
 Term
 
 313. 1
 
 Starkie
 
 332. 2
 
 Thomas’ Coke
 
 234.) If the plaintiff sealed the instrument and delivered it, then it became his deed, but if the defendant signed the same instrument and did not seal it himself, nor adopt the seal of the plaintiff, then the instrument as to him, would not be a deed, but a simple contract in writing, and assumpsit would be the proper action to be brought on it. Evidence was introduced as to that point, and it was a proper question for the jury, whether the defendant intended to adopt the seal, thus affixed, and did adopt it as his seal or not; if he did, then it was his deed; if he did not, then it was
 
 *421
 
 bis simple contract, and the action was properly brought. The judge decided both the law and the fact; he should have left it to the jury to determine whether the defendant intended to adopt the seal and did adopt it, for these were questions of fact. Whether the scrawl affixed was in this state a seal, certainly was a question of law to be determined by the Court; but whether the defendant placed it there, or adopted it as his seal, if placed there by the plaintiff, or any other person, were questions for the jury. We think the judgment should be reversed.
 

 Per Curiam. — Jüdgmert reversed.