CHARLES W. LYNAM *v.* WILLIAM H. CALIFER and others.

Where a seal was attached, *by mistake and ignorance*, to the name of a firm signed to a note given for value, the mistake was corrected in equity, and the plaintiff was allowed to recover as if there had been no seal.

(*McKay* v. *Simpson*, 6 Ire. Eq. 452 ; and *Womack* v. *Eacker*, Phil. Eq. 161, approved.)

BILL in equity, heard by *Watts, J.*, at Spring Term 1870, of GRANVILLE Court.

The plaintiff stated that in 1866 he had bargained to the defendant Califer a quantity of tobacco, at the price of $270 ; and that they applied to the defendant Long, to become, surety upon the note which Califer was to give ; that Long agreed that if his partner, the defendant Reed, were willing, the firm name, " Long & Co.," might be signed thereto, and referred them to Reed ; and that having gone to Reed, who lived at some distance, he signed the name of the firm. He also stated that, by mistake and through ignorance on his part, a seal was added to the signature ; that Califer had become insolvent, and that upon demanding the money from the other defendants, they declined to pay, upon the ground that Reed had no authority to execute a bond for

LYNAM *v.* CALIFER and others.

the firm. The prayer was that the defendants be declared liable, &c., and for further relief.

The defendants Long & Reed put their defence mainly upon an allegation that the plaintiff and Califer had misrepresented the amount of the note, as being about $100, instead of $270.

There was a decree *pro confesso* as to Califer.

Upon the trial it was agreed to refer the questions of fact to his Honor for decision.

He found the facts to be substantially as stated in the bill; that the note was drawn at the home of Reed, and that there was no misrepresentation, &c.

Judgment for the plaintiff, &c.; Appeal by the defendant.

*Graham* and *C. M. Busbee*, for the appellant.
*Bogers & Batchelor*, contra.

SETTLE, J. This was a bill in equity seeking to correct a mistake, by putting out of the way a seal which was attached to the signatures of a firm name; and also to en force the payment of the debt.

All questions of fact as well as of law were submitted, by agreement of parties, to the decision of his Honor. The facts found are fully set forth in the statement of the case transmitted to this Court, and clearly justify his Honor in decreeing the relief which he granted. Indeed the bill and answers (without regard to proofs, upon which his Honor also acted) make a strong case for relief. It is against conscience for the defendants to take advantage of a mere mistake in attaching a seal to the name of their firm. The power of the Court to grant the relief prayed for, is discussed in *McKay* v. *Simpson*, 6 Ire. Eq. 452; and in *Womack* v. *Eacker*, Phil. Eq. 161.

PER CURIAM. Judgment affirmed.