SIMEON WOOTEN et al. v. N. M. OUTLAW et al.

*Evidence—Declarations of Assignor of Note, when Incompetent.*

The declaration of an assignor of a note as to the amount due thereon is incompetent in an action on the note, unless shown to have been made before the assignment and against interest.

CIVIL ACTION, tried at August Term, 1893, of DUPLIN Superior Court, before *Bryan, J.*

The action was for the foreclosure of a mortgage made by F. M. Outlaw and wife to N. B. Outlaw, and by him assigned to the plaintiff Simeon Wooten. F. M. Outlaw, the mortgagor, is dead, and his widow and heirs at law are the defendants. It was admitted upon the trial that the said F. M. Outlaw executed the note and mortgage, as alleged in the complaint, and that they were transferred to the plaintiff Wooten prior to April 15, 1886. The defendants relied upon the sole defence of payment.

One Arnett, a witness for the defendants, testified that after the death of F. M. Outlaw he heard N. B. Outlaw say that F. M. Outlaw owed him seventy or eighty dollars, and that he heard him say this seven or eight years ago. Upon cross-examination, he said it might not have been more than six years since he heard the above conversation. This evidence was objected to by the plaintiff, upon the ground that it was not shown that this conversation occurred prior to the transfer

of the note and mortgage to the plaintiff Wooten, and that the declarations of N. B. Outlaw, made after the transfer, were incompetent. Objection sustained, and the defendants excepted. There was other testimony tending to show credits of $100 and of $25 upon the note, and these credits, as also one of $41.80, were admitted.

The issue submitted was: Has the note declared on been paid? To which the jury responded " No."

His Honor gave judgment for the balance, after deducting the credits above set out, and interest and for foreclosure of the mortgage. Defendants appealed.

*Messrs. Allen & Dortch*, for plaintiff.
*Mr. H. R. Kornegay*, for defendants (appellants).

MACRAE, J.: By the admissions of the parties, all other issues, except that arising upon the plea of payment, were eliminated. Both of the credits claimed by defendants were allowed, and an additional credit of $41.80 was also given. There was no testimony showing the dates of said credits, and a calculation will show that in the judgment these credits were allowed as of the times at which they were admitted in the complaint. As to the credit of twenty-five dollars, the testimony does not enlighten us as to the time it should have been entered, but it will appear to have been given about the same time that the credit of $100 was allowed.

The rejected testimony was not competent, unless it was made as a declaration against interest while N. B. Outlaw was the holder of the note and mortgage, and the defendant failed to show that he was still the owner at the time of the alleged declaration. Indeed, the rejection of this testimony can work no harm to the defendant, for, if admitted, it would be consistent with the other testimony in the action.

No Error.