J. F. WILLIAMS, ADMINISTRATOR, v. O. B. TURNER.

(Filed 1 May, 1935.)

**1. Seals A b—**

A finding that executant of an instrument not required by law to be under seal, did not adopt as his seal the word "(Seal)" printed in the form on the line upon which executant wrote his name, unless he did so by writing his name on the line, *is held* a finding that executant had no intention at the time of executing a sealed instrument.

**2. Same—**

Whether a mark or character upon an instrument not required by law to be under seal is to be regarded as a seal depends upon the intention of the executant.

**3. Limitation of Actions A c—Note not intended to be under seal held barred by three-year statute.**

Upon a finding to the effect that the maker of a negotiable note did not intend to adopt as his seal the printed word "(Seal)" appearing thereon, and therefore did not intend to execute a sealed instrument, the note is a simple contract and the three-year statute of limitations is applicable to an action thereon, and where the note is payable upon demand, the statute begins to run immediately.

APPEAL by defendant from *Barnhill, J.,* at December Term, 1934, of DUPLIN.

Civil action to recover on $200 note, given by defendant to plaintiff's intestate, 6 September, 1924. Defendant pleads (1) payment, and (2) the three-year statute of limitations.

A jury was waived, and the court found the following pertinent facts:

"5. Said note is made on a printed form, the date and the amount thereof and the words 'On demand' and 'with interest from date' having been inserted when the note was made, together with the name of the payee. The line on which the maker's (defendant's) signature appears and the word enclosed in brackets, to wit, '(Seal)', at the right of said signature, are parts of said printed form.

"6. There is no reference in the body of said note to the maker's (defendant's) seal; that the defendant did not make any scroll or other substitute for his seal, nor adopt as his seal the word '(Seal)' as aforesaid, unless he did so by writing his name on said line, at the right-hand end of which is printed '(Seal)', and the defendant's name was written on the line where it would have been written in the absence of said '(Seal)'.

"7. The plaintiff produces said note without credits, and defendant admits the execution thereof, and that under the law he can offer no evidence of payment. It is, therefore, further found that said amount of $200.00, with interest from 6 September, 1924, is due and unpaid."

Judgment for plaintiff, from which defendant appeals, assigning error.

REID v. SUSTAR.

*No counsel appearing for plaintiff.*
*Oscar B. Turner, in propria persona.*

STACY, C. J. The finding that the defendant did not adopt as his seal the word "(Seal)" appearing at the end of the line, unless he did so by writing his name on said line, is a finding, as we understand it, that the maker had no intention at the time of executing a sealed instrument, which perforce renders it a simple contract. *Yarborough v. Monday,* 14 N. C., 420; *Baird v. Reynolds,* 99 N. C., 469; *Pickens v. Rymer,* 90 N. C., 282; *Caputo v. Di Loreto,* 148 Atlantic (Conn.), 367.

Whether a mark or character is to be regarded as a seal depends upon the intention of the executant. *Jacksonville, etc., Railway v. Hooper,* 160 U. S., 514; *Lynam v. Califer,* 64 N. C., 572; 3 R. C. L., 923; 24 R. C. L., 695; 1 Daniel on Negotiable Instruments, 31.

The note is one which could be, indifferently, a simple contract or a sealed instrument. Note, 19 Ann. Cas., 674. A different result might follow if it were required by law to be under seal. *Devereux v. Mc-Mahon,* 108 N. C., 134, 12 S. E., 902; *Hopkins v. Lumber Co.,* 162 N. C., 533, 78 S. E., 286.

The case of *Ducker v. Whitson,* 112 N. C., 44, 16 S. E., 854, is not authority for plaintiff's position. The question now presented was not mooted in that case. For history of seals, see *Ingram v. Hall,* 2 N. C., 193; *Cromwell v. Tate's Executors,* 7 Leigh (Va.), 305.

The defendant's plea of the statute of limitations would seem to be good. C. S., 2988; *Caldwell v. Rodman,* 50 N. C., 139.

Reversed.