H. C. ALLSBROOK, ADMINISTRATOR, v. E. A. WALSTON.

(Filed 13 October, 1937.)

**1. Limitation of Actions § 16—**

Where defendant pleads the statute of limitations, the burden is on plaintiff to show that the claim is not barred.

**2. Seals § 3—**

The introduction in evidence of an instrument having the printed word "Seal" in brackets after the blank where defendant signed same, without reference thereto in the body of the instrument, is sufficient evidence that the instrument was under seal in the absence of evidence by defendant that he intended otherwise.

**3. Limitation of Actions §§ 2a, 2e, 18—Instrument having printed word "Seal" in brackets after signature held evidence of sealed instrument.**

Plaintiff introduced in evidence an instrument having the printed word "Seal" in brackets after the blank where defendant signed the instrument, the body of the instrument making no reference thereto. Defendant pleaded the statute of limitations, it being conceded that if the instrument were under seal the ten-year statute was applicable and the action was not barred, C. S., 437, while if it were a simple note, the three-year statute

8—212

was applicable and the action was barred, C. S., 441. *Held:* In the absence of evidence by defendant that he did not intend to adopt the word "Seal," plaintiff's evidence is sufficient to show a sealed instrument, and a directed verdict in his favor is without error. *Williams v. Turner,* 208 N. C., 202, cited and distinguished.

APPEAL by defendant from *Grady, J.,* at March Term, 1937, of HALIFAX.

Civil action to recover balance due on promissory note in words and figures as follows:

"$1,000.00.                    SCOTLAND NECK, N. C., June 11, 1925.

"On October 11, 1925, after date, I promise to pay to the order of E. A. Allsbrook, One Thousand and No/100 Dollars with interest at 6% per annum, after date.

"Payable at The Scotland Neck Bank, Scotland Neck, N. C., for value received.

(Signed)   E. A. WALSTON.   [SEAL]

. .................................. ........... [SEAL]."

Three credits appear on said note, the last being for $25.00 paid on 26 November, 1930. This action was instituted 30 November, 1936.

The defendant admitted the execution of the note, pleaded that it was not under seal, and interposed by way of defense the three-year statute of limitations.

Plaintiff offered the note in evidence, admitted that the word "Seal" in brackets, opposite defendant's signature, was printed on the note before the defendant signed it, and rested.

The defendant demurred to the evidence, which was overruled, and he appeals from a directed verdict and judgment for plaintiff, assigning errors upon exceptions duly preserved.

*Stuart Smith and Ashby Dunn for plaintiff, appellee.*
*E. L. Travis and Wade H. Dickens for defendant, appellant.*

STACY, C. J. The defendant having pleaded the statute of limitations, the burden was on the plaintiff to show that his suit was commenced within the requisite time from the accrual of the cause of action, or that otherwise it was not barred. *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32; *Drinkwater v. Tel. Co.,* 204 N. C., 224, 168 S. E., 410. "Upon the plea of the statute of limitations the burden is upon the plaintiff to show or to offer evidence tending to show that he has brought a live claim to court"—*Brogden, J.,* in *Savage v. Currin,* 207 N. C., 222, 176 S. E., 569.

It is conceded that if the note in suit be a sealed instrument, the ten years statute, C. S., 437, applies, otherwise the three years statute, C. S., 441, is applicable; and further, that if the ten years statute be applicable, the action is not barred, while if the three years statute apply, it is barred. *Trust Co. v. Clifton,* 203 N. C., 483, 166 S. E., 334.

The case, then, comes to a single question: Has the plaintiff offered evidence of a sealed instrument? We think the trial court correctly answered the question in the affirmative.

It is true, the note contains no recital of a seal in the body of the instrument, nevertheless the word "Seal" appears in brackets at the end of the line, opposite defendant's signature, which is the usual place for a seal. In *Hughes v. Debnam,* 53 N. C., 127, it was said that a seal appearing upon an instrument, opposite the name of the grantor, in the place where the seal belongs, will, in the absence of proof that the grantor intended otherwise, be valid as a seal. To like effect are the decisions in *Devereux v. McMahon,* 108 N. C., 134, 12 S. E., 902, and *Yarborough v. Monday,* 13 N. C., 493; *S. c.,* 14 N. C., 420. See *Philip v. Stearns,* 20 S. Dak., 220, as reported in 11 Ann. Cas., 1110, and note. *Contra: Caputo v. DiLoreto,* 110 Conn., 413, 148 Atl., 367.

The plaintiff rested his case upon offering evidence of a sealed instrument. There is no proof that the maker intended otherwise. This defeats the motion to nonsuit. *Baird v. Reynolds,* 99 N. C., 469, 6 S. E., 377; *Harrell v. Butler,* 92 N. C., 20; *Pickens v. Rymer,* 90 N. C., 282.

The case of *Williams v. Turner,* 208 N. C., 202, 179 S. E., 806, cited and relied upon by defendant, is not in point. There the court was dealing with a finding upon the record that the maker of the note had no intention at the time of executing a sealed instrument, and that he did not adopt as his seal the word "Seal" appearing in parentheses at the end of the line opposite his signature. Hence, upon the finding, it was declared to be a simple contract. *Lynam v. Califer,* 64 N. C., 572. Here, there is no such finding. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606. There, we were not concerned with any question of evidence or the burden of proof. Here, we are concerned with a question of evidence and the burden of proof. There, the note contained no recital respecting a seal, and it was not required by law to be under seal. Here, the note contains no recital respecting a seal and it is not required by law to be under seal. There, the action was between the administrator of the payee and the maker of the note. Here, the action is between the administrator of the payee and the maker of the note. It is obvious, therefore, that with the exception of the two similarities just mentioned, *i.e.,* character of action and absence of recital respecting seal, the two cases are quite dissimilar. They are not alike either in principle or result. The holding there was that an action to recover

on a note, found to be not under seal, is barred by the three years statute of limitations, the statute having been pleaded. The holding here is that a note ostensibly under seal is evidence of a sealed instrument. This is as far as we are required to go on the present record.

The authorities elsewhere are in hopeless conflict and confusion. *Note,* 19 Ann. Cas., 674. They abound in every variety of decision. 24 R. C. L., 686; 56 C. J., 889. All agree that "as a man consents to bind himself, so shall he be bound." *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356. They differ as to how this consent shall be evidenced or ascertained. Some take the easier way, and declare that the presence of a seal on any instrument raises a conclusive presumption against the executant, and forecloses any further inquiry into his intention. The holding no doubt makes for certainty and has the merit of simplicity, but the law is supposed to deal with the life of a people. This is neither certain nor simple; it is complex. In North Carolina our predecessors have pursued the ideal of doing exact justice in the particular case. *Lynam v. Califer, supra.* This pursuit we continue.

The verdict and judgment will be upheld.

No error.