## MRS. WILLA DAVIS v. MRS. LILLA CRUMP.

(Filed 21 May, 1941.)

**1. Partition § 4b—**

Upon plea of sole seizin in an action for partition, the introduction in evidence by plaintiff of the admissions in the answer that the person dying intestate without issue seized of the land was the nephew of the parties, and that his father predeceased him, makes out a *prima facie* case, and it is error for the court to rule that plaintiff has the burden of going forward with the evidence, the burden being upon defendant to introduce evidence in support of her allegation that plaintiff is illegitimate before plaintiff should be required to offer evidence in rebuttal.

**2. Same: Descent and Distribution § 10b—**

The owner of the *locus in quo* died intestate without issue. His father predeceased him. Plaintiff and defendant were his aunts. In this action for partition, defendant alleged that plaintiff is illegitimate. Plaintiff offered evidence that their deceased brother was also illegitimate. *Held:* The question of the legitimacy of the deceased brother must be determined in order that the rights of the parties may be fully adjudicated.

APPEAL by plaintiff from *Alley, J.,* at October Term, 1940, of STANLY. Reversed.

Special proceeding instituted before the clerk for the partition of real estate.

The defendant answered, alleging sole seizin. She admitted the family relationship but pleaded that plaintiff is illegitimate. The answer having raised an issue of fact, the proceeding was transferred to the civil issue docket.

When the cause came on to be heard below, at the conclusion of the evidence for the plaintiff, the court, on motion of the defendant, entered judgment dismissing the action as of nonsuit. Plaintiff excepted and appealed.

*A. C. Huneycutt for plaintiff, appellant.*
*Morton & Williams for defendant, appellee.*

BARNHILL, J. Defendant admits in her answer that Lucy Howell, mother of plaintiff and the defendant, died seized and possessed of the land described in the petition; that said Lucy Howell also had a son who predeceased her, leaving one child, Ezell Howell; that after the death of Lucy Howell, plaintiff and defendant and Arthur Howell, husband of Lucy Howell, executed and delivered to Ezell Howell a quitclaim deed for said land; that said Ezell Howell died intestate, without issue, seized and possessed of the premises.

The plaintiff, having offered the admissions made in the answer, suggested that the burden shifted to the defendant. The court held that it was the duty of the plaintiff to go forward with the introduction of evidence. Plaintiff excepted and then offered additional evidence tending to show that she was born while her mother was living with one Jim Richardson as man and wife. She likewise offered evidence tending to show that Jason Howell, deceased brother of plaintiff and defendant and father of Ezell Howell, was born to Lucy Davis (Howell), prior to her marriage to Arthur Howell, and rested. Thereupon the judgment of nonsuit was entered.

The admissions offered by the plaintiff were sufficient to make out a *prima facie* case of joint ownership. At that time, while it had been alleged, there was no evidence tending to show that the plaintiff was born out of wedlock. We may concede that the burden rested upon the plaintiff to show that she was a tenant in common. Even so, at the time she rested there was no evidence of illegitimacy to be rebutted and there is no presumption that she was born out of wedlock. The defendant, having pleaded the bastardy of plaintiff in bar of her claim, notwithstanding the admitted relationship, must assume the burden on this phase of the case.

Furthermore, it appears from the evidence offered by plaintiff that the deceased brother, Jason Howell, was born out of wedlock, and that the plaintiff and defendant were the only children of Lucy Howell. If it is found as a fact that plaintiff is illegitimate, then the legitimacy or illegitimacy of the deceased brother should also be determined to the end that the respective rights of the parties may be fully adjudicated. *Powers v. Kite,* 83 N. C., 156.

The judgment below is

Reversed.