CURRIN *v.* CURRIN.

MRS. ETHEL O. CURRIN v. E. M. CURRIN.

(Filed 14 June, 1941.)

**1. Bills and Notes § 2c: Seals § 2—**

The maker's admission that he signed the printed form of a note having the word "seal" printed at the usual place after his signature, places the burden upon him of showing that he did not adopt the seal, and his testimony that he could not say that he intended to show the word "seal" and couldn't say at the time of testifying that he remembered seeing the word "seal" is no evidence that he had not adopted the seal.

**2. Appeal and Error § 39—**

The exclusion of a question asked a witness cannot be held for error when the record does not show what answer the witness would have given, since it cannot be determined on appeal whether appellant was prejudiced by the exclusion of the testimony.

**3. Limitation of Actions § 18—**

While ordinarily the bar of the statute of limitations is a mixed question of law and fact, where, in an action on a note, the plea of the statute is based upon defendant's contention that the note was not under seal, but defendant offers no evidence in support of his contention that he did not adopt the printed word "seal" appearing on the note after his signature as maker, the question of the statute becomes a matter of law, and the court properly refuses to submit an issue as to whether the action was barred.

**4. Bills and Notes § 9f: Evidence § 42g.—**

In this action on a note, plaintiff's evidence tended to show that she acquired same for value before maturity. Defendant maker sought to testify as to a conversation with the payee tending to show that the payee still held the note after maturity. *Held:* The fact that the payee held the note at the time of making the declaration must be established independently before testimony of the declaration would be competent as a declaration against interest, and when offered solely for the purpose of affirmatively showing that he did hold the note at that time, it is hearsay and inadmissible.

**5. Evidence § 42g—**

Testimony of declarations against interest is ordinarily admissible only when the declarant is dead or insane or otherwise unavailable.

**6. Appeal and Error § 29—**

Exceptions not argued in the brief are deemed abandoned.

APPEAL by defendant from *Stevens, J.,* at October Term, 1940, of GRANVILLE. No error.

The plaintiff brought this action to recover the sum of $893.00, and interest, upon a note which she alleges was made and issued by the defendant on 2 March, 1931, and before maturity and without notice of any defect in the title was transferred to her, and of which she is now the holder in due course. The note is apparently under seal, as the word

"seal" appears in the usual place after the alleged signature of the defendant. The defendant denied that he had any recollection of making the note or that he had any knowledge or information sufficient to form a belief with regard to the truthfulness of the plaintiff's allegation, therefore denied the same.

Subsequent paragraphs set up specific denials to the material paragraphs of plaintiff's complaint, denying any indebtedness.

For a further defense, defendant alleged that "the said note is not under seal, in that he is informed and believes and, therefore, alleges, that the word 'seal' appearing after his purported signature was printed on said note and was not adopted by the defendant as his 'seal' in the execution of the said note, and it is, therefore, barred by the three years statute of limitation, Section 441 of the Consolidated Statutes of North Carolina," which statute he pleads. For a second further defense he sets up that the note was without consideration and, therefore, void; and that plaintiff took and received the note from her husband, D. F. Currin, the payee therein, after maturity, with the full knowledge that the said note was without consideration and was void, and, therefore, subject to all defenses and equities which might exist in favor of the defendant and against the said D. F. Currin, all of which equities the defendant pleaded.

Upon the trial, the defendant admitted the execution of the note. Plaintiff's evidence tended to show that the note had been transferred to her for a valuable consideration by the holder, D. F. Currin, to whom it had been issued, such transfer being before its maturity, and without any notice of any defect therein, or any equity of the defendant.

With respect to the adoption of the seal upon the instrument, the defendant testified as follows: "The word 'seal' is on this. I can't say that I intended to show 'seal,' that the note there shows 'seal.' He asked me for the note for a very short time, would return the note within thirty days. It is filled out for thirty days. I just looked at it and signed it with the understanding that it would come back to me in thirty days; I couldn't say right now that I remember seeing the word 'seal,' but I only signed the note to accommodate him for thirty days because he said he had to have some help that day."

Other evidence relating to the exceptions involved is noted in the opinion.

Upon appropriate issues the jury answered in favor of the plaintiff and against the contentions of the defendant, and judgment ensued for the amount of the demand. From this judgment defendant appealed, assigning several errors.

*Dupree & Strickland and Neill McK. Salmon for defendant, appellant.*
*T. Lanier, R. W. Winston, and B. S. Royster, Jr., for plaintiff, appellee.*

SEAWELL, J.   Two questions were stressed by the defendant in the argument of this case: Should not the court have submitted to the jury an issue relating to the bar of the statute of limitation? Was the defendant entitled to have admitted in evidence his testimony as to the declarations of D. F. Currin, which he claims tended to show that the plaintiff purchased the note, if at all, after its maturity and subject to the equities which existed in favor of the defendant?

1. If the note was without seal, then the three-year statute of limitation, C. S., 441, applies and action is barred. If under seal, the ten-year statute of limitation, C. S., 437 (2), applies, and the action is not barred. *Williams v. Turner,* 208 N. C., 202, 179 S. E., 806.

The note is, upon its face, a sealed instrument, since the word "seal" appears after the signature in the usual place. The defendant admitted the execution of the note, which admission carries with it, amongst other things, the burden of showing that he had not adopted the seal. We do not think the negative testimony of the defendant, above set out, amounts to evidence regarding the fact of adoption.

But upon this, defendant's counsel propounded the question: "I will ask you to state whether or not, Mr. Currin, if you intended when you signed that note to adopt the word 'seal'?" This question was excluded and defendant excepted. The record does not show what the witness would have said.

Exceptions of this kind are unavailing because of the obvious impossibility of the court to divine what answer would have been given. *Everett v. Williamson,* 107 N. C., 204, 12 S. E., 187; 64 C. J., p. 223, section 237; 26 R. C. L., p. 1057, section 64, and cases cited.

2. Ordinarily, the bar of the statute of limitation is a mixed question of law and fact. But upon the admissions of the defendant that he executed the note, as made, and upon inspection of the instrument, the question of the statute became a matter of law, especially in the absence of evidence to be submitted to the jury as to the non-adoption of the seal. Failure to submit such an issue upon the evidence in this case will not be held for error. *Moody v. Wike,* 170 N. C., 541, 543, 87 S. E., 350; *Ewbank v. Lyman,* 170 N. C., 505, 87 S. E., 348; *Garland v. Arrowood,* 172 N. C., 591, 594, 90 S. E., 766; *Phillips v. Lumber Co.,* 151 N. C., 519, 521, 66 S. E., 603; *Cherry v. Canal Co.,* 140 N. C., 422, 53 S. E., 138; *Butts v. Screws,* 95 N. C., 215.

The special manner in which the statute is pleaded is worthy of note. The bar is made to depend upon the fact of non-adoption of the seal to the note, the proof of which, after the admission by him of its execution, in the form made, is a burden of the defendant.

Plaintiff's evidence tended to show that she purchased the note for value before maturity, from her husband, D. F. Currin, without the

knowledge of any defect therein, and that she is the innocent holder thereof in due course. Defendant sought to refute this evidence by testifying to a conversation which he had with D. F. Currin, admittedly the former holder of the note, tending to show that the latter still held the note after its maturity. Ordinarily, when other conditions appear, such as are noted below, such conversation might have been admitted if directed toward some declaration against interest by a person who held the note at the time of the declaration. *Wooten v. Outlaw,* 113 N. C., 281, 18 S. E., 252. This is a relaxation of the rule against hearsay evidence, depending solely upon the principle that the declaration is against interest; but the fact of the possession is an independent preliminary question as to a condition essential to its admission. When offered solely for the purpose of affirmatively showing that he did hold the note at the time, it is but hearsay and inadmissible. At any rate, such evidence is ordinarily admissible only where the declarant is dead or insane or otherwise unavailable. 20 Am. Jur., p. 467, sec. 556. The evidence was properly excluded.

Other exceptions pertinent to the second issue are not argued in the brief and, therefore, are deemed to have been abandoned.

We do not regard the other assignments of error sufficient to justify a new trial.

No error.