E. E. BELL ET AL. v. HARRY B. CHADWICK ET AL.

(Filed 16 October, 1946.)

**1. Evidence § 42f: Seals § 2—**

Where defendant admits in his answer the paragraph of the complaint alleging that defendant had executed notes or bonds as set out therein, showing the printed word "seal" in brackets at the end of the line opposite defendant's signature, the admission is that defendant executed instruments under seal and defendant is bound by the admission introduced in evidence by plaintiff.

**2. Evidence § 39: Seals § 2—**

Where the execution of instruments under seal is established by defendant's admission, his testimony that he did not adopt or intend to adopt, as his seal, the printed word "seal" appearing in brackets at the end of the line opposite his signature, is properly excluded as parol testimony tending to vary, modify, or contradict the terms of a written instrument.

**3. Limitation of Actions § 4a—**

An action upon an instrument under seal is not barred until the expiration of ten years from its date of maturity.

APPEAL by defendants, Harry B. Chadwick and wife, from *Carr, J.,* at May Term, 1946, of CRAVEN.

Civil action to recover on promissory notes or bonds and to foreclose deed of trust given to secure their payment.

It is alleged in paragraph three of the complaint that on 3 December, 1929, the defendant, Harry B. Chadwick, then unmarried, executed and delivered to plaintiffs, E. E. Bell and J. K. Warren, six promissory notes or bonds in the aggregate sum of $2,608.40 (severally listed as bonds and showing maturity dates from one to five years after date of making), "all . . . identical in language" (so far as presently material), as follows:

New Bern, N. C., December 3, 1929.

"On or before . . . after date, I promise to pay to the order of E. E. Bell and J. K. Warren . . . with interest after maturity . . . expressly

waiving any protest . . . Secured by Deed of Trust of even date herewith.  For value received.

"Due . . .

HARRY B. CHADWICK    (Seal)"

In the answer of defendants, the allegations of paragraph three of the complaint are admitted.  The defendants further plead, however, that the notes in suit were not under seal, and were therefore barred by the three-year statute of limitations.

This action was instituted 30 August, 1940.

At the time of trial, the death of J. K. Warren was suggested, and his administratrix came in as party plaintiff and duly adopted the complaint.

In support of the defendants' plea, Harry B. Chadwick offered to testify as follows: "At the time I executed these notes it was not my intention to adopt the seal thereon as my seal.  This word 'seal' didn't imply any special meaning at all to me.  I didn't know what it meant at all.  If Griffin or Warren knew they didn't call my attention to it.  That is a printed 'seal' on the notes.  I was then 29 years old.  That is my signature on the notes.  I never adopted the printed word 'seal' as my seal."

This evidence was excluded, and its exclusion constitutes the sole exception for consideration on the appeal.

From verdict and judgment for plaintiffs, the defendants appeal.

*R. E. Whitehurst and W. B. R. Guion for plaintiffs, appellees.*
*R. A. Nunn and H. P. Whitehurst for defendants, appellants.*

STACY, C. J.  As stated above, the only question presented for decision is the competency of Chadwick's proffered testimony that in executing the notes or bonds in suit, he did not adopt, or intend to adopt, as his seal, the printed word "Seal" appearing in brackets at the end of the line opposite his signature.  *Williams v. Turner,* 208 N. C., 202, 179 S. E., 806; *Allsbrook v. Walston,* 212 N. C., 225, 193 S. E., 151; *Currin v. Currin,* 219 N. C., 815, 15 S. E. (2d), 279; *Baird v. Reynolds,* 99 N. C., 469, 6 S. E., 377; *Yarborough v. Monday,* 14 N. C., 420.  See, also, *Supply Co. v. Windley,* 176 N. C., 18, 96 S. E., 664.

Initially, it should be observed the defendant admitted, in answering the 3rd paragraph of the complaint—and this admission was offered in evidence—that he executed the several notes or bonds in suit, "all identical in language," and each bearing the word "Seal" opposite his signature.  The allegation and admission establish the word "Seal" as a part of each instrument.  They are therefore immune from amendment, modification, or contradiction by parol.  *Ins. Co. v. Wells, ante,* 574;

*Coleman v. Whisnant, ante,* 258; *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Bank v. Dardine,* 207 N. C., 509, 177 S. E., 635; Stansbury's N. C. Evidence, sec. 253.

When it is admitted, as it is here, that the defendant signed or executed several instruments under seal, he is bound by his admission. *Davis v. Crump,* 219 N. C., 625, 14 S. E. (2d), 666; *Peanut Co. v. Lucas,* 206 N. C., 922, 175 S. E., 176; *State ex rel. Lee v. Martin,* 191 N. C., 401, 132 S. E., 14; *Weston v. Typewriter Co.,* 183 N. C., 1, 110 S. E., 581; *Jones v. R. R.,* 176 N. C., 260, 97 S. E., 48; Stansbury's N. C. Evidence, sec. 177. It is true, the notes or bonds in suit contain no *in testimonium* clause, nevertheless they are alleged to be notes or bonds under seal, and this is admitted. 11 C. J. S., 404. Hence, in the instant case, the proffered testimony of the defendant Chadwick that he did not adopt, or intend to adopt, as his seal, the word "Seal" appearing in brackets at the end of the line opposite his signature, was properly excluded under the rule which prohibits the introduction of parol testimony to vary, modify, or contradict the terms of a written instrument. *Etheridge v. Palin,* 72 N. C., 213. The rule is, that "parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing . . . for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intended to be bound." *Ray v. Blackwell,* 94 N. C., 10. As against the recollection of the parties, whose memories may fail them, the written word abides. *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510.

Appellees further suggest Chadwick's proffered testimony was properly excluded under the "dead man's" statute, G. S., 8-51, as it concerns a personal transaction or communication between the witness and J. K. Warren, deceased. However this may be, we think the proffered testimony was correctly excluded on other grounds.

It is conceded that if the notes or bonds in suit be under seal, the ten-year statute of limitations applies, and the action is not barred; while if they be not under seal, the three-year statute of limitations applies, and the action is barred. The notes or bonds were executed 3 December, 1929, and matured one each year for five successive years after date of making. The present action was instituted 30 August, 1940.

No error has been made to appear; consequently the verdict and judgment will be upheld.

No error.