BANK OF NORTH CAROLINA, N.A. v. DAVID W. CRANFILL AND WIFE, MARY A. CRANFILL

No. 7721SC651

(Filed 11 July 1978)

**1. Seals § 1— printed word "Seal"**

   The printed word "Seal" following a person's signature is sufficient to function as his seal only if he intended to adopt it as his seal.

**2. Seals § 1— presumption of adoption of seal**

   When a seal or the word "Seal" appears beside the name of the maker of a note where the seal belongs, a presumption arises that the maker adopted the seal or the word "Seal" as his seal, and the burden falls on the maker to prove that he did not adopt the seal as his seal.

**3. Seals § 1— adoption of seal—parol evidence—genuine issue of fact**

   Parol evidence was admissible to determine whether the maker of a note intended to adopt the printed word "SEAL" in parentheses as his seal, and where the maker offered evidence on a motion for summary judgment that he did not adopt the word "SEAL" as his seal, there was a genuine issue of fact as to whether the maker adopted that word as his seal and, thus, whether the note was a sealed instrument subject to the ten-year statute of limitation.

APPEAL by defendants from *Albright, Judge*. Judgment entered 11 May 1977, Superior Court, FORSYTH County. Heard in the Court of Appeals 4 May 1978.

Plaintiff commenced this action by the filing of a complaint on 11 August 1976. The complaint alleged *inter alia* that defendants "executed, signed and sealed as makers" a promissory note in the amount of $7,421.50 on or about 4 February 1972, and delivered the same to plaintiff's predecessor in interest; that the note was due and payable on or before 5 March 1972; and that defendants had not paid upon written demand. Plaintiff prayed judgment awarding it principal, interest, attorneys fees, and costs. Attached to the complaint was a copy of the form note which defendants had signed. Beside their respective names was the printed word "SEAL" in parentheses.

Defendants answered, admitting execution of the note. However, defendants denied that the instrument was under seal and pled the three-year statute of limitations in bar of the claim. Defendants filed an affidavit asserting that "at no time did we affix our seals to said notes or intend or realize that we were signing said notes under seal."

By written motion supported by affidavit, plaintiff moved the court for summary judgment. By order of 11 May 1977, the trial court granted summary judgment in plaintiff's favor. From that judgment defendants appeal.

*House and Blanco, by Robert Tally, for plaintiff appellee.*

*Morrow, Fraser and Reavis, by John F. Morrow, for defendant appellants.*

MORRIS, Judge.

This case is before us to review the entry of summary judgment. In so doing, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact" and that the plaintiff "is entitled to judgment as a matter of law." North Carolina Rules of Civil Procedure, Rule 56(c). The sole issue discussed in the brief and, therefore, the sole issue in this appeal is whether this action is barred by the three-year period of limitations of G.S. 1-52. North Carolina Rules of Appellate Procedure, Rule 28.

In their answer defendants plead the statute of limitations in bar of the action. The note was due and payable on 5 March 1972. This action was commenced on 11 August 1976, more than three years after the cause of action accrued. Plaintiff, on motion for summary judgment, argued that this action is an action upon a sealed instrument and is, therefore, governed by the ten-year statute of limitations of G.S. 1-47.

The crucial question, then, is whether the instrument is a "sealed instrument' within the meaning of G.S. 1-47. Defendants in their answer admitted execution of the note but denied that it was sealed. The note, incorporated into the complaint, displays the following:

"/s/ D. W. Cranfill _____ (SEAL)

"/s/ Mary A. Cranfill _____ (SEAL)"

Defendant David W. Cranfill stated in his sworn affidavit that "at no time did we affix our seals to said notes or intend or realize we were signing said notes under seal."

[1]   Our courts have long held that the printed word "Seal" following a person's signature is sufficient to function as his seal if, but only if, he intended to adopt it as his seal. *E.g., Pickens v. Rymer*, 90 N.C. 282 (1884). While the printed word "Seal" is legally sufficient to function as a seal, the question remains as to whether the signer intended to adopt the word as his seal.

[2]   When a seal appears beside the name of the maker of a note where the seal belongs, there arises a presumption that the maker adopted the seal (or the word "Seal") as his seal. Thus, the burden falls upon the maker to prove that he did *not* adopt the seal as his seal. *McGowan v. Beach*, 242 N.C. 73, 86 S.E. 2d 763 (1955). Plaintiff contends that in this case that presumption entitles it to summary judgment. Citing *Bell v. Chadwick*, 226 N.C. 598, 39 S.E. 2d 743 (1946), as the sole authority, plaintiff contends that, since defendants have admitted execution of the note, the parol evidence rule prohibits their testimony that they did not intend to "adopt" the words "Seal" as their seals. Thus, since there is no evidence that they did not adopt the seal, plaintiff concludes that the presumption would control and summary judgment would be proper. We believe that plaintiff's reliance upon *Bell v. Chadwick* is unfounded since the holding in that case is contrary to the greater weight of authority.

As we have previously noted, where the word "Seal" appears after the signer's name, that word becomes his seal only if he adopts it as his seal. *Pickens v. Rymer, supra*. Adoption is a question of intention. *Williams v. Turner*, 208 N.C. 202, 179 S.E. 806 (1935). Our courts have long held that that question of intention is a question of fact for the jury.

"Whether the scrawl affixed was in this state a seal certainly was a question of law to be determined by the court; but whether the defendant placed it there, or adopted it as his seal if placed there by the plaintiff or any other person, were questions for the jury." *Yarborough v. Monday*, 14 N.C. 420, 421 (1832).

This position has recently been reaffirmed. *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270 (1965); *see also Allsbrook v. Walston*, 212 N.C. 225, 193 S.E. 151 (1937). *Bank v. Insurance Co.* is the most recent pronouncement of our Supreme Court on this matter. There the Court stated:

Bank v. Cranfill

" '[O]ur Court has held that a seal appearing upon an instrument, opposite the name of the maker, in the place where the seal belongs, will in the absence of proof that the maker intended otherwise, be valid as a seal.' [Citations omitted.] . . . The burden is on plaintiff to prove that the action accrued within the time limited by the statute, and that defendant adopted the seal. [Citations omitted.] *Whether defendant adopted the seal is a question for the jury. Yarborough v. Monday, supra.*" (Emphasis added.) *Bank v. Insurance Co.*, 265 N.C. at 96, 143 S.E. 2d at 277.

We believe that *Bank v. Insurance Co.* is an implicit rejection of the language from *Bell v. Chadwick* upon which plaintiff relies. We also believe that *Bank v. Insurance Co.* controls the present case. In the present case, the court erred in granting summary judgment.

[3] The trier of the facts must consider defendant's testimony that he and his wife did not adopt the words "Seal" as their seals.

"As between the original parties . . . agreements at variance with the strict terms of the writing may have been made, but omitted from the instrument in order to insure its negotiability or to adapt it to a printed form. These considerations may justify a liberality in the admission of parol evidence . . . . But whatever the reason, when the instrument is in the hands of a holder other than a holder in due course or one claiming under him the North Carolina Court has permitted variance . . . ." Stansbury, N.C. Evidence § 256 at 249 and 250 (Brandis Rev. 1973).

The position taken by Professor Brandis conforms with the general tenor of the Uniform Commercial Code which governs negotiable instruments. Article 3 of the Uniform Commercial Code recognizes the efficacy of seals upon negotiable instruments, G.S. 25-3-113, but the Code also is fairly liberal in allowing the admission of parol evidence. The Code allows the use of parol to identify the maker of a note. G.S. 25-3-401, Official Comment 2. Also, through its liberal definition of "signed" the Code invites the use of parol evidence to determine whether a party "intended" to "sign" an instrument. *See* G.S. 25-1-201(39) and G.S. 25-3-401(2). We believe that the question of whether a party intended to adopt a word as his seal should be treated in a like

manner. Therefore, we conclude that the trier of the facts must consider defendants' evidence that they did not adopt the words "Seal" as their seals.

Where the signer, by affidavit or otherwise, offers evidence that he did not adopt the word "Seal" as his seal, there is a genuine issue of fact as to whether he "adopted" that word as his seal. That issue of fact precludes the entry of summary judgment.

The judgment of the trial court is

Reversed and remanded.

Judges MARTIN and MITCHELL concur.