MOBIL OIL CORPORATION v. R. E. WOLFE, CAROLYN G. WOLFE AND C. E. CROWELL

No. 98

(Filed 16 March 1979)

Seals § 1— intent to adopt seal—unambiguous instrument—parol evidence not allowed

A signatory to an instrument may not introduce parol testimony that he did not intend to adopt a seal printed on the instrument as his own where there is no ambiguity on the face of the instrument as to the adoption of the seal.

ON petition for discretionary review pursuant to G.S. 7A-31 prior to a determination by the Court of Appeals of a judgment in favor of plaintiff entered by *Judge Battle* at the 17 April 1978 Civil Session of CUMBERLAND Superior Court. The case was consolidated for argument on motion of the plaintiff with No. 89. Docketed and argued as No. 133 at the Fall Term 1978.

*Nance, Collier, Singleton, Kirkman & Herndon, by David A. Harlow, Attorneys for plaintiff appellee.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by E. R. Zumwalt III and Richard M. Wiggins, Attorneys for defendant appellants.*

EXUM, Justice.

This case presents the question whether a signatory to an instrument may introduce parol testimony that he did not intend to adopt a seal printed on the instrument as his own. We hold that where, as here, there is no ambiguity on the face of the instrument as to the adoption of the seal, such testimony is barred by the parol evidence rule.

This is an action by plaintiff Mobil Oil Corporation, filed 13 February 1978, on two guaranty agreements, each for $10,000. These agreements guaranteed the obligations of Dominion Oil Co., Inc., of Fayetteville. One was signed by defendant C. E. Crowell and dated 6 December 1971. The other was signed by defendants R. E. Wolfe and Carolyn G. Wolfe and dated 14 December 1971. Above their signatures were the words, "signed, sealed and delivered." Beside each signature was the symbol "(L.S.)."[1]

On 27 October 1977 plaintiff obtained a judgment against Dominion for $31,007.52 plus interest. It attempted but was unable to obtain satisfaction of the judgment from Dominion. It next demanded payment from defendants under their guaranties, and defendants refused to pay. Plaintiff then brought this action.

Defendants admit the execution of the guaranty contracts but contend they did not adopt the seals printed on the instruments as their own. They thus contend that the 10-year stat-

---

1. "L.S." is an abbreviation for "*Locus sigilli*," which means "the place of the seal." Black's Law Dictionary, p. 1014 (Rev. 4th ed. 1968). The symbol is well understood in law and commerce to be a seal. *See Pitts v Pitchford*, 201 So. 2d 563 (Fla. Dist. Ct. App. 1967). Defendants make no contention that the use of this symbol creates an ambiguity on the face of the instrument as to its adoption as a seal.

ute of limitations prescribed by G.S. 1-47(2) does not apply and that this action is barred by the 3-year statute of limitations in G.S. 1-52. Defendants also plead lack of consideration for their contracts of guaranty.

Summary judgment was granted against defendants on 21 April 1978. Defendants Crowell and R. E. Wolfe appealed. Plaintiff moved to bypass the Court of Appeals and consolidate this case for argument with No. 89. Because of identity of issues in the two cases we allowed its motion.

Defendants concede there is no genuine issue of material fact in this case and that summary judgment for plaintiff was proper if they cannot introduce parol testimony that they did not intend to adopt the seals on the instruments. The decisive issue in the case is therefore whether they can introduce such testimony.

The question is controlled by *Bell v. Chadwick*, 226 N.C. 598, 39 S.E. 2d 743 (1946). *Bell* was a suit on six promissory notes. Defendant in *Bell* had signed each of the notes and beside his signature on each was printed the word "(Seal)." Defendant sought to introduce testimony that he did not intend to adopt the printed word "Seal" as his own seal. He further stated that the term "Seal" did not imply any special meaning to him, that the plaintiffs did not call it to his attention, and that he "didn't know what it meant at all." The trial court excluded all this testimony. This Court held that exclusion proper, stating, *id.* at 600, 39 S.E. 2d at 744:

> "[T]he proffered testimony of the defendant Chadwick that he did not adopt, or intend to adopt, as his seal, the word 'Seal' appearing in brackets at the end of the line opposite his signature, was properly excluded under the rule which prohibits the introduction of parol testimony to vary, modify, or contradict the terms of a written instrument."

This statement of the law is correct and the facts of the case from which it came are indistinguishable from those now under consideration.

Defendants contend that *Bell v. Chadwick* is an aberration and that the law, correctly stated, is, "Whether the defendant adopted the seal is a question for the jury." *Bank v. Insurance Co.*, 265 N.C. 86, 96, 143 S.E. 2d 270, 277 (1965); *accord, Pickens v.*

*Rymer*, 90 N.C. 282 (1884); *Yarborough v. Monday*, 14 N.C. 420 (1832). We agree with this statement in regard to the special circumstances of the cases in which it was made. Such special circumstances are not, however, present here.

In *Bank v. Insurance Co., supra*, there were three signatures on the instrument but only one printed term "(SEAL)" opposite only one of the signatures. There was thus an ambiguity on the face of the document as to whether all of the signers intended to adopt the seal as their own. Likewise, in both *Pickens v. Rymer, supra*, and *Yarborough v. Monday, supra*, there were two signers of the instruments but only one seal. In each of these cases the instruments themselves were ambiguous as to whether all signers intended to adopt the single seal as their own. Here there is no such ambiguity. Above the signatures on each document were the words "signed, sealed and delivered." Beside each signature was the symbol "(L.S.)." These terms are too clear to leave any question for the jury.

Defendants argue vigorously that they should be allowed to testify that they did not intend to adopt the printed seals because (1) they did not understand their legal significance, and (2) plaintiff did not disclose to them what the terms meant. Defendant in *Bell v. Chadwick, supra*, 226 N.C. 598, 39 S.E. 2d 743, advanced essentially the same points. This Court did not give them controlling weight there, and we decline to do so here. This was a commercial transaction. Defendants have made no claim of misrepresentation, overreaching or undue influence. Thus even if they did not understand all the terms in the instrument, they are bound by those which are unambiguous. *See Casualty Co. v. Teer Co.*, 250 N.C. 547, 109 S.E. 2d 171 (1959); *Howland v. Stitzer*, 240 N.C. 689, 84 S.E. 2d 167 (1954) (holding that unambiguous terms of a contract are controlling regardless of what either party thought them to mean).

Defendants also raise the defense of lack of consideration. We have held that these instruments were signed under seal. "A contract executed under seal imports consideration." *Honey Properties, Inc. v. Gastonia*, 252 N.C. 567, 571, 114 S.E. 2d 344, 347

(1960). The application of this principle here is not affected by G.S. 25-2-203.[2] This defense is without merit.

For the reasons stated, the judgment of the trial court is

Affirmed.

---

2. This section makes seals inoperative as to contracts or offers relating to the buying and selling of goods. It provides:

"The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer."