BANK OF NORTH CAROLINA, N.A. v. DAVID W. CRANFILL AND WIFE, MARY A. CRANFILL

No. 89

(Filed 16 March 1979)

**Seals § 1— intent to adopt seal—unambiguous instrument—parol evidence not allowed**

A signatory to an instrument may not introduce parol testimony that he did not intend to adopt a seal printed on the instrument as his own where there is no ambiguity on the face of the instrument as to the adoption of the seal.

ON petition for discretionary review of a decision of the Court of Appeals, reported at 37 N.C. App. 182, 245 S.E. 2d 538, reversing summary judgment in favor of plaintiff entered by *Judge Albright* at the 9 May 1977 Session of FORSYTH Superior Court. This case was consolidated for argument with No. 98. Docketed and argued as No. 114 at the Fall Term 1978.

*House and Blanco, P.A., by Reginald F. Combs and Robert Tally, Attorneys for plaintiff appellant.*

*Morrow, Fraser and Reavis, by John F. Morrow and N. Lawrence Hudspeth III, Attorneys for defendant appellees.*

EXUM, Justice.

The case presents the same question as *Oil Corporation v. Wolfe*, 297 N.C. 36, 252 S.E. 2d 809 (1979), decided this day, and we reach the same result.

On 11 August 1976 plaintiff here brought suit against defendants on a promissory note executed by them and dated 4 February 1972. Defendants admitted signing the note. Immediately above the signature blanks on the note were the words "witness my/our hand(s) and seal(s)." Beside each signature was the printed term "(SEAL)."

Defendants contend that they did not intend to adopt the printed seals as their own. It follows, according to their argument, that the instruments were not under seal; that the 10-year statute of limitations of G.S. 1-47(2) is not applicable; and that the 3-year statute of limitations of G.S. 1-52 had run.

The trial court entered summary judgment in favor of plaintiff. The Court of Appeals reversed, finding that there was a genuine issue of material fact as to whether defendants adopted the printed seal. In so doing, it relied primarily on *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270 (1965). For the reasons stated in *Oil Corporation v. Wolfe, supra,* this reliance was misplaced. The ruling of the trial court was correct under *Bell v. Chadwick*, 226 N.C. 598, 39 S.E. 2d 743 (1946), and it should have been affirmed.

The decision of the Court of Appeals is

Reversed.