CENTRAL SYSTEMS, INC. v. GENERAL HEATING & AIR CONDITIONING COMPANY OF GREENVILLE, INC. AND YEARGIN CONSTRUCTION COMPANY, INC.

No. 7926SC667

(Filed 5 August 1980)

1. **Process § 3.2; Rules of Civil Procedure § 4— discontinuance of action after voluntary dismissal – new action not barred**

The fact that an action was discontinued under G.S. 1A-1, Rule 4(e) for failure to serve defendant with summons within the time allowed after plaintiff had taken a voluntary dismissal under G.S. 1A-1, Rule 41 did not bar plaintiff from bringing another action for the same cause.

2. **Seals § 1– contract under seal**

Defendant executed a contract under seal as a matter of law, and the 10 year statute of limitations applied to an action on the contract, where the contract stated that the parties "have executed this agreement under seal," and the word "seal" appeared under the names of the attesting witnesses who were not parties to the contract and close by the place where defendant executed the contract.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 16 March 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 February 1980.

This is an action for breach of contract. Plaintiff alleged that pursuant to a contract with General Heating and Air Conditioning Company of Greenville, Inc., it had furnished certain materials and labor for which it had not been paid. It was alleged in the complaint that the work was done under the supervision of Yeargin Construction Company. The action was dismissed as to Yeargin and Yeargin is not involved in this appeal. The plaintiff alleged that it was entitled to a judgment in the amount of $21,973.14 with interest from 1 April 1973. An action based on plaintiff's claim had been previously filed and a voluntary dismissal was allowed by order dated 28 November 1975. This action was filed on 9 November 1976. Endorsements extending the time to serve the summons were made on 13 December 1976, 7 February 1977, 12 May 1977, 8 August 1977, and 28 July 1978. Service of process was made on the defendant on 28 August 1978. On 16 March 1979 an order was entered dismissing the action. In the order of dismissal, the court made findings that the endorsement dated 28 July 1978 was made more than 90 days after the next preceding endorsement, that the action is deemed to have commenced on 28 July 1978, that it is a contract action which accrued on or about 9 April 1973, and it is barred by the statute of limitations, G.S. 1-52(1). Plaintiff appealed.

*Hamel, Hamel, Welling, Pearce and Weaver, by Hugo A. Pearce III, for plaintiff appellant.*

*Harkey, Faggart, Coira, Fletcher and Lambeth, by Francis M. Fletcher, Jr. and Philip D. Lambeth, for defendant appellee.*

WEBB, Judge.

It is clear that this action is deemed to have been commenced on 28 July 1978 since this endorsement to the summons was made more than 90 days after the last previous endorsement. *See* G.S. 1A-1, Rule 4(e). The plaintiff contends this action is not barred by G.S. 1-52(1) because it is based on a contract under seal. The defendant contends the contract is not under seal but if it is, the action is nevertheless barred because there has been a voluntary dismissal followed by a lapse of the action for failure to serve the summons. We examine first the argument of the defendant.

[1] The defendant's argument that we should not reach the statute of limitations question is based on its reading of Rule 4 in conjunction with Rule 41. A party who takes a second dismissal under Rule 41 is barred from bringing another action for the same cause and the defendant contends the same rule should apply where there has been a discontinuance under Rule 4(e) after a dismissal under Rule 41. The defendant says this is so because when the plaintiff failed to observe the requirements of Rule 4(d)(1) by not having the summons endorsed within 90 days after the endorsement of 8 August 1977, it was a failure to prosecute the action which led to the same type of dismissal as provided for by Rule 41(b). G.S. 1A-1, Rule 41(b) provides in part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him .... Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits.

G.S. 1A-1, Rule 4(e) provides:

> When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or

an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.

We believe a comparison of the two sections shows that a discontinuance under Rule 4(e) is not analagous to a dismissal under Rule 41(b). Under Rule 41(b), actions are dismissed by the court on motion of defendants. Under Rule 4(e), actions are discontinued by operation of law but may be revived by an endorsement on the summons or the issuance of an alias or pluries summons. Without more substantial guidance from the words of the rule, we do not feel we should hold a discontinuance under Rule 4(e) is the same as a dismissal under Rule 41(b).

[2] As to the statute of limitations, the question posed by this appeal is whether the contract between the parties was under seal in which case G.S. 1-47(2), the ten year statute of limitations, would apply. If it is not under seal, G.S. 1-52(1), the three year statute of limitations, would apply. The defendant signed the contract in form as follows:

> In witness whereof the parties hereto have executed (d) this agreement under seal, the day and month and year written above.

Attest:                                General Heating and Air-
                                       Conditioning Co. of
                                       Greenville, Inc.

s/ Charles L. McClain          s/ A.G. Clark, Pres.
   Seal                           By                    Title

s/ Riddick Craven              s/ W.D. (Illegible)
   Seal                           By                    Title

The adoption of a seal by a party to a contract has been dealt with in the following cases: *Bank v. Cranfill*, 297 N.C. 43, 253 S.E. 2d 1 (1979); *Oil Corp. v. Wolfe*, 297 N.C. 36, 252 S.E. 2d 809 (1979); *Bank v. Insurance Co.*, 265 N.C. 86, 143 S.E. 2d 270 (1965); *Bell v. Chadwick*, 226 N.C. 598, 39 S.E. 2d 743 (1946). From a reading of these cases we believe that if it appears without

ambiguity on the face of the contract that a party signed under seal, it is held as a matter of law that the contract is under seal. If it is ambiguous as to whether a party adopted a seal, it is a jury question as to whether the party signed under seal. A corporation may adopt a seal different from its corporate seal for a special occasion. In the case sub judice, the defendant expressly stated that it "executed this instrument under seal." The word "seal" appeared under the names of Charles L. McClain and Riddick Craven. Charles L. McClain and Riddick Craven were not parties to the contract. The word "seal" could have no effect as to them. We hold that when the defendant stated it "executed this contract under seal" and the word "seal" appeared close by the place where the defendant executed the contract that as a matter of law the defendant executed the contract under seal.

We hold the superior court committed error by dismissing this action. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges PARKER and ARNOLD concur.