Hutchinson v. Hutchinson

=======

RAYMOND H. HUTCHINSON v. THOMAS HUTCHINSON

No. 8025SC480

(Filed 2 December 1980)

Limitation of Actions § 4.6— sealed contract — 10 year statute of limitations applicable

The parties' contract for the management and division of profits of a business was an instrument within the meaning of G.S. 1-47(2), and the contract was under

seal so that the 10 year statute of limitations applied in plaintiff's action to recover his full share of the profits of the business for the year 1975.

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 7 January 1980 in Superior Court, CALDWELL County. Heard in the Court of Appeals 12 November 1980.

Plaintiff Raymond H. Hutchinson initiated this action by the filing of a complaint in which he alleged that plaintiff and defendant, Thomas Hutchinson, had entered into a contract involving the management and division of profits of a business enterprise. A copy of the contract was attached to the complaint and it was incorporated in the complaint by reference. The concluding paragraph in the contract is as follows:

IN TESTIMONY WHEREOF, said parties hereto do hereunto set their hands and seals in duplicate originals one of which is retained by each of the parties hereto the day and year first above written.

The contract was signed by plaintiff and defendant. Following each signature the word "SEAL" appeared in parentheses. The contract was dated 29 January 1966 and was not limited as to duration. Plaintiff alleged that defendant had breached the agreement by denying plaintiff his full share of the profits of the business for the year 1975.

Defendant's responsive pleading was a motion, in which he moved that the "matter be dismissed as a matter of law". In his motion, defendant asserted four defenses: the statute of limitations as set forth in G.S. 1-52(1); accord and satisfaction; estoppel; and laches.

No other pleadings or motions appear in the record. On 7 January 1980, the trial court entered judgment for defendant, dismissing the action with prejudice.

*Beal & Beal, P.A., by Beverly T. Beal, for the plaintiff appellant.*

*Tate, Young & Morphis, by E. Murray Tate, Jr., for defendant appellee.*

WELLS, Judge.

We first note that the defenses asserted by defendant are of the

nature which are properly asserted in an answer. *See* G.S. 1A-1, Rule 12. We next note that although the trial court apparently treated defendant's motion as a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), the judgment indicates that the trial court considered, in addition to plaintiff's complaint and defendant's motion, a deposition and interrogatories and answers to interrogatories. Under these circumstances, it seems apparent that the trial court treated defendant's motion as a motion for summary judgment. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971).

The judgment, in pertinent part, reads as follows:

1. Defendant has sufficiently pled the three year Statute of Limitations;

2. The Complaint and the contract attached thereto and sued upon show that Plaintiff's right to institute an action for compensation under the contract for the calendar year 1975 arose on January 1, 1976, and right to bring suit was barred on January 2, 1979, in the absence of such action by the Defendant as would estop him from pleading the Statute of Limitations;

. . . .

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that this action is, and the same is hereby, involuntarily dismissed, with prejudice.

Plaintiff argues that G.S. 1-47(2), the ten year statute of limitations, applies to this action, and that therefore the judgment against him was erroneous and improvidently entered. Defendant concedes that if the three year statute, G.S. 1-52(1) does not apply, the judgment is in error.

The judgment of the trial court was in error. First, we hold that the contract between plaintiff and defendant is an "instrument" as that term is used in G.S. 1-47(2). *See Rose v. Materials Co.*, 282 N.C. 643, 194 S.E.2d 521 (1973). Second, we hold that there is no ambiguity in the wording of the contract as to the intent of the parties that it be under their respective seals, *Oil Corp. v. Wolfe*, 297 N.C. 36, 252 S.E. 2d 809 (1979), and that plaintiff's right to bring his action is governed by the provisions of G.S. 1-47(2), not G.S. 1-52(1).

It is unnecessary for us to reach or determine plaintiff's other assignments of error.

The judgment of the trial court is

Reversed.

Judges VAUGHN and MARTIN (Robert) concur.